## ANNA RYAN

vs.

## CITIZENS & MANUFACTURERS NATIONAL BANK

Superior Court     New Haven County     File #11750
(At Waterbury)

Present:   Hon. PATRICK B. O'SULLIVAN, Judge.

Herman Weissman,                    Attorney for the Plaintiff.

William Larkin,                    Attorney for the Defendant.

### MEMORANDUM FILED NOVEMBER 30, 1936.

O'SULLIVAN, J.   At the time of the events which form the basis for this litigation, the defendant owned a six-family, three-story, frame tenement house which faced East on Haase Street in the City of Waterbury.   On each floor were two apartments separated by a common corridor running from the front to the rear of the building.   The plaintiff lived with

her family as a tenant of the defendant in the North apartment on the top floor. Extending across the entire front of the building on this floor was a veranda, access to which was obtained either through a door in the front room of the plaintiff's apartment, or through one from the South apartment. No other means of getting upon the veranda was provided. Both the plaintiff's family and that in the neighboring apartment, but no other tenant, enjoyed the use of the veranda in common, and the landlord retained possession and control of it.

On November 23rd, the plaintiff went out upon the veranda to shake a rug and while so doing, as she stood by the front guard picket railing, the bottom rail, under which she had placed her feet, broke, as a result of which she lost her balance and fell to the ground. The cause of the breaking of the rail was due to carelessness of the defendant in failing to repair a defective condition which reasonable care would have disclosed.

The foregoing are the facts which this Court believes have been established by the evidence. But even were the characteristic of common usage eliminated from the case, the defendants' position would in no manner be altered. It appears that one of the uprights supporting the veranda had become so rotted at its base in the ground that the whole series of verandas from the ground up had sagged considerably. There can be no question but that the defendant retained possession and control over this upright which was part and parcel of the building itself. **Reynolds vs. Land Mortgage & Title Company, 114 Conn. 447.** The sagging which had existed for a long period of time was directly connected with the defective condition of the bottom railing which broke, in that it caused this rail to become separated from the post to which it had been nailed. This separation was sufficient to permit the elements to rust the few wire nails and destroy their effectiveness in making secure the railing to the adjacent post.

On whichever theory one approaches the case, the outcome must be the same. Liability must be placed upon the defendant. The question of damages has been a far more disturbing problem than that of liability. While the legal principle is, of course, simple, its application in this case is extremely difficult. No word picture can accurately portray

the extensive injuries the plaintiff received. Suffice it to say that after a long consideration of the matter, the sum which appears to the Court to represent fair and adequate compensation is fourteen thousand ($14,000.00) dollars.

Judgment may enter for the plaintiff to recover that sum from the defendant.