[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION TO STRIKE, NO. 143)
Defendant moves to strike the second count of the complaint contending Connecticut does not permit recovery for bystander emotional distress caused by the negligent infliction of injury upon another.
The following facts are alleged in the plaintiffs' revised complaint. The plaintiffs are two married couples, James and Mary Joyce Trapp, and Brian and Susan Mandio, who were boating in Long Island Sound aboard a pleasure yacht on July 6, 1989. After the CT Page 4628 yacht was refueled and restarted, "the boat exploded, caught fire and burned to the water line, resulting in destruction of the craft." In count one, three plaintiffs are suing the defendant, West Haven Co-op Marina, which moored and maintained the yacht, for their burns and injuries. They allege that the marina and its employees improperly maintained the yacht and negligently allowed the plaintiffs to sail in an unseaworthy vessel.
In count two, the plaintiff Brian Mandio is suing the marina for mental and emotional distress caused by witnessing his wife being burned and injured in the explosion. He alleges that he has suffered "mental anguish, loss of sleep, nervousness, depression, as well as other physical and mental discomforts." In count three, Brian Mandio is suing for loss of consortium.
The defendant argues in support of striking count two that Connecticut does not allow a bystander to recover for emotional harm sustained when someone else is injured by the defendant's alleged negligence. In the alternative, the defendant argues that if Connecticut does recognize such a cause of action, the plaintiffs have not sufficiently alleged its elements.
The Connecticut Supreme Court has definitively ruled that no bystander emotional distress claim is available in a medical malpractice context. Maloney v. Conroy, 208 Conn. 392, 402
(1988). In an earlier medical malpractice bystander emotional distress case, the court neither rejected nor recognized bystander emotional distress as a theory of recovery, holding that even if a cause of action for bystander emotional distress exists, the facts of the case before it did not satisfy the elements. See Amodio v. Cunningham, 182 Conn. 80, 92 (1980). The law prior to Amodio was more clear: "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, 146 Conn. 714, 719 (1959).
Connecticut's lower courts disagree whether bystander emotional distress damages are available in Connecticut in negligence suits not alleging medical malpractice. Since Maloney, the following courts have allowed a bystander emotional distress claim to proceed, assuming its elements have been sufficiently alleged. See Kearney v. Philips Industries, Inc., 708 F. Sup. 479,483 (D.Conn. 1989) (majority of Connecticut courts faced with issue recognize cause of action after Maloney; earlier decision dismissing count is vacated); LeMoine v. Soboleski, 2 CTLR 450 (October 4, 1990, O'Keefe, J.); Buynovsky v. Ford Motor Co., 1 CTLR 207 (May 21, 1990, Maiocco, J.); Uricchio v. Myjack,4 CSCR 385 (April 17, 1989, Stengel, J.); Higley v. Regional Educational Services Concept thru Unified Effort (RESCUE),4 CSCR 315 (March 10, 1989, West, J.); Glendening v. Weis 41 Conn. Sup. 165
(October 4, 1988, Hammer, J.); McCarthy v. Roberts, 3 CSCR 930
CT Page 4629 (November 3, 1988, Quinn, J.); McCarthy v. Widdows, 3 CSCR 741
(August 8, 1988, DeMayo, J.).
Some courts have refused to recognize a bystander emotional distress claim post Maloney. See Seymour v. Patterson, 2 CTLR 561 (November 8, 1990, Freed, J.); Brown v. Cohen, Foster, 5 CSCR 376
(May 7, 1990, Flanagan, J.); Tuten v. Bishop's Garage, Inc.,4 CSCR 520 (June 1, 1989, Koletsky, J.).
The California Supreme Court modified the test set forth in Dillon v. Legg, 441 P.2d 912 because "[l]ittle consideration has been given in post Dillon decisions to the importance of avoiding the limitless exposure to liability that the pure foreseeability test of `duty' would create and forward which these decisions have moved." Id. at 821. "[I]t is appropriate to restrict recovery to those persons who will suffer an emotional impact beyond the impact that can be anticipated whenever one learns that a relative is injured or dies or the emotion felt by a `disinterested' witness." Id. at 829. The elements of a bystander emotional distress claim are as follows:
 [A] plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
Id. at 829 -30. See LeMoine, 2 CTLR at 451 (applying Thing)
The plaintiff Brian Mandio alleges in his revised complaint that he is the husband of the plaintiff Susan Mandio. He also alleges that he witnessed his wife being burned in the yacht explosion, which he alleges was caused by the negligence of the defendant. He further alleges that he suffered mental and emotional distress as a result of witnessing the accident. Brian Mandio has alleged sufficient facts to state a claim upon which relief can be granted. The court recognizes a cause of action by bystander emotional distress based upon the facts alleged and the cases previously discussed.
Accordingly, the Motion to Strike the second count of the Complaint is denied. CT Page 4630
STUART M. SCHIMELMAN, JUDGE