[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 17, 1990 the plaintiffs David Robson and his father, Michael J. Robson ("Robsons") filed a two-count complaint against defendants Philip and Deidre Schoenster ("Schoensters"). The Robsons alleged that the Schoensters' dog attacked and severely injured David, a five year old minor child. The first count alleges liability based on Conn. Gen. Stat. 22-357, the dog bite statute. The second count states a claim for past and future medical expenses.
On May 25, 1990, the Robsons moved to cite in Joan Robson, David's mother, as an additional party plaintiff. The Robsons then filed an amended complaint on the same date, which included j a third count, on behalf of the father, alleging by-stander emotional distress. The plaintiffs argued that Michael J. Robson was near the scene, observed the attack and suffered "a severe shock to his nervous system, pain, suffering, and emotional distress." A substantial complaint, also filed May 25, 1990, added an identical fourth count alleging bystander emotional distress on behalf of the mother.
On September 19, 1990, the Schoensters filed a motion to strike the third and fourth counts, arguing that Connecticut does not recognize a cause of action for bystander emotional distress. The Robsons filed a memorandum in opposition on October 24, 1990, which argued that despite a split among the Superior Courts, the majority of decisions do recognize such a cause of action.
A motion to strike challenges the legal sufficiency of a pleading, Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985); or any count thereof. Conn. Practice Bk. 152 (rev'd to 1978, as updated to October 1, 1990). A motion to strike properly admits all well-pleaded facts. Verden [Verdon] v. Transamerica Ins. Co.,187 Conn. 363, 365 (1982).
Bystander Distress
In Strazza v. McKittrick, 146 Conn. 714, 719 (1959), the Supreme Court denied recovery to the plaintiff "for injuries occasioned by fear of threatened harm or injury to the person or property of another." Although the court would have allowed recover for physical injury "consequential" to the emotional, it considered purely emotional injuries "too remote in the chain of causation to permit recover." Id. at 718-719. It is found that this reading of Strazza indicates the court may have ruled out such a cause of action in cases based solely on witnessing the threat of injury to another.
The court again discussed the issue in Amodio v. Cunningham, 182 Conn. 80 (1980), a medical malpractice case that CT Page 1875 included a claim for the emotional harm to a mother who witnesses her daughter's death. The court upheld a motion to strike the bystander distress count because there was no proof that the mother's emotional injury was contemporaneous with the defendant's negligence. Id. at 93.
In making its decision the court discussed the precedential Dillon v. Legg, 63 Cal.2d 728, 441 P.2d 912 (1968), which first recognized such a cause of action. The Dillon court established the following three criteria for recovery.
 (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
 (2) The shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Although the court in Amodio did not specifically adopt Dillon, it did hold that the plaintiffs failed to meet all three prongs of the test.
The California Supreme Court streamlined the Dillon criteria in Thing v. LaChussa, 771 P.2d 814 (Cal. 1989), which sought to transform them from "flexible guidelines" into "strict elements." The court in Thing held that:
 A plaintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
In Maloney v. Conroy, 208 Conn. 392 (1988), the Supreme Court rejected a bystander emotional distress claim in the context of medical malpractice. The court held that:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, CT Page 1876 we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Strazza v. McKittrick, supra, 719.
Id. at 402. The court specifically stated that "[w]e are not inclined to resume our dalliance with the Dillon guidelines that we held not to be satisfied when we disposed of the malpractice emotional disturbance of Amodio." Id. As discussed below, some Superior Courts have held that the Maloney court, by its language, limited its holding to medical malpractice cases. The Maloney court reasoned that "[m]edical judgments as to the appropriate treatment of a patient ought not to be influenced by the concern that a visitor may become upset from observing such treatment. . . ." Id. at 403.
Although the Strazza court seemingly refused to recognize bystander emotional distress claims, the court in Amodio left the door open. Therefore, the court should evaluate Superior Court case law on bystander emotional distress.
Split of Authority Favors Plaintiff
Some Superior Courts have stricken claims based on bystander emotional distress. See e.g., Borrs v. St. Vincent's Hospital, 2 CSC R 936, 937 (Fairfield at Bridgeport, August 10, 1987, Harrigan, J.) (holding that the principles of Dillon v. Legg have not been adopted in this state); also Talbot v. Woodward, 3 CSCR 525 (Middlesex, May 9, 1988, O'Connell, J.) (recognizing a split of authority, the court held that Amodio "did not clearly establish a cause of action for bystander emotional distress."); also Tuten v. Bishop's Garage, Inc.,4 CSCR 520 (Hartford-New Britain, June 1, 1989 Koletsky, J.) (holding that Maloney undercut the value of Amodio as precedent, but that plaintiff failed to place herself in the zone of danger).
Other courts have recognized that such a cause of action exists. See e.g., Mancini v. Kennedy, 3 CSCR 134 (Waterbury, December 23, 1987, Flynn, J.) (striking the bystander distress claims involving one plaintiff because he failed to show he was near the accident site, but upholding similar claims regarding another plaintiff who showed she was close enough to the scene); McCarthy v. Widdows, 3 CSCR 741 (New Haven, August 8, 1988, DeMayo, J.) (holding the Dillon criteria applicable); McCarthy v. Roberts, 3 CSCR 930, 931 (New Haven, November 3, 1988 Quinn, J.) (holding that Maloney applies only to medical malpractice, and that "[a]bsent a clear refutation of bystander emotional distress CT Page 1877 as a cause of action [such cases] should be permitted to proceed to adjudication."); Spencer v. Colby, 3 CSCR 276 (Hartford-New Britain, February 2, 1988, Hennessey, J.) ("while Amodio did not explicitly recognize the cause of action for bystander emotional distress (citation omitted), the Superior Courts of this state, in construing that opinion, have overwhelmingly allowed the cause of action, if the criteria specified in the landmark case of Dillon v. Legg (citation omitted) are met."); Glendening v. Weis,41 Conn. Sup. 165, 168 (1988) (recognizing such a cause of action when "the emotional shock or distress result from the `sensory and contemporaneous observance of the accident.'" (citation omitted.)); Hussex v. National Railroad Passenger,3 CSCR 857 (Hartford-New Britain, September 15, 1988, Goldberg, J.) (holding such claims legally sufficient; Higley v. RESCUE,4 CSCR 315 (Danbury, March 10, 1989, West, J.) (adopting Dillon v. Legg); Uricchio v. Myjact, 4 CSCR 385 (Middlesex, sustaining a bystander distress claim of a father who witnessed his son's injury); Buynovsky v. Ford Motor Co., 1 CTLR 542, 544 (Fairfield at Bridgeport, April 23, 1990, Maiocco, J.) (holding that Maloney is limited to medical malpractice; that Amodio implies a cause of action under Dillon as clarified by Think v. LaChusa; and that the Appellate Courts have not ruled otherwise); Lemoine v. Sobolesky, 2 CTLR 450 (New Haven, October 29, 1990, O'Keefe, J.) (adopting the analysis in Buynovsky).
It is the opinion of the court that the elements for recovery are satisfied in the present case. Both mother and father allege they were near the scene of the attack on their son; that their distress was contemporaneous with the attack; and that the victim was closely related. Thus, the motion to strike is denied.
John J. P. Ryan, J.