[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Richard M. Pelton, brought an action against the Olin Corporation (Olin) for unpaid wages, interest, punitive damages, liquidated damages, attorney's fees, and costs pursuant to 29 U.S.C. § 1001 et seq. (the Employee Retirement Income Security Act, or ERISA) and Conn. Gen. Stat.31-72. The plaintiff alleges that he was entitled to benefits in addition to salary pursuant to the defendant's Management Incentive Compensation Plan (MICP). The plaintiff also alleges that Olin was contemplating divesting itself of its Winchester Arms Division (Winchester) and desired to retain its management personnel pending the divestiture. The plaintiff further alleges that the defendant, through its agent, orally promised to pay the plaintiff two times his MICP benefit if he stayed with Winchester and Winchester was liquidated or four times his MICP benefit if he stayed with Winchester and Winchester was sold, but that plaintiff would receive no MICP benefit if he left Winchester prior to divestiture.
The defendant filed an answer and special defenses. In its first special defense to counts one and two, Olin alleges that the plaintiff has failed to state a claim upon which relief can be granted; in its second special defense to counts one and two, the defendant alleges that the plaintiff's claims are barred by the applicable statutes of limitations including Conn. Gen. Stat. 52-576, 52-581 and 52-596 in its third special defense to count one, the defendant alleges that the plaintiff is not entitled to relief under ERISA; and in its third special defense to count two, the defendant alleges that CT Page 6190 if ERISA provides the plaintiff with relief, then his state claim is preempted by his ERISA claim.
The plaintiff filed an amended reply denying the allegations of the defendant's first special defenses, alleging fraudulent concealment and estoppel in avoidance of the defendant's statutes of limitations defenses, and denying the allegations of the defendant's third special defenses.
The defendant filed a motion for summary judge on the grounds that:
 (1) plaintiff's claim for additional compensation . . . is not compensation for services rendered and there fore is not subject to Connecticut's wage statute [Conn. Gen. Stat. 31-72]; (2) even if plaintiff's claim is clearly time barred; (3) plaintiff's claim for additional compensation does not concern an `employee benefit plan' under ERISA and thus plaintiff's ERISA claim is also time barred and acts to preempt plaintiff's wage claim.
The plaintiff, in his memorandum in opposition to the defendant's motion, agrees that his allegations in count one do not support an ERISA claim. However, the plaintiff argues that his MICP bonus constitutes wages under Conn. Gen. Stat.31-72, that the statute of limitations under Conn. Gen. Stat.52-596 does not apply, and that the statutes of limitation were tolled by the defendant's fraudulent concealment of plaintiff's cause of action pursuant to Conn. Gen. Stat.52-595.
"In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage and except [in certain] administrative appeals . . . , any party may move for a summary judgment, provided that the pleadings are closed as between parties to that motion." Conn. Practice Bk. 379 (rev'd to 1978, as updated to October 1, 1990). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Id. at 384.
When any employer fails to pay an employee wages in accordance with the provisions of Conn. Gen. Stat. 31-71a to31-71i, inclusive, Conn. Gen. Stat. 31-72 allows an employee to recover double damages, with costs and reasonable attorney's fees as may be allowed by the court, in a civil action. "`Wages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, CT Page 6191 piece, commission or other basis of calculation . . . ." Conn. Gen. Stat. 31-71a(3).
Olin argues that the plaintiff is not entitled to relief under Conn. Gen. Stat. 31-71 et seq. because his claim does not seek wages. Olin further argues that the "[p]laintiff's claim concerns an allowance above and beyond his regular salary, offered solely for the purposes of inducing him to remain during a transition period" and are not, therefore, compensation for labor or services rendered within the meaning of Conn. Gen. Stat. 31-72.
In ABC Office Equipment, Inc. v. Roval Consumer Business Products, Inc., 721 F. Sup. 1557, 1559 (D.Conn. 1989), the court held that a severance allowance was not compensation for services rendered because it was "a bonus with no relation to any service rendered by [the employee] . . . ." (Emphasis added). In Cook v. Alexander Alexander of Conn., Inc., 40 Conn. Sup. 246
(1985, Aaronson, J.), the court held that additional compensation through bonuses based on a management by objective approach, where the plaintiff was entitled to a bonus for achieving production goal set by his employer, were within the meaning of wages under Conn. Gen. Stat. 31-72.
In the instant case, the plaintiff was promised certain MICP benefits if he performed certain employer objectives by staying with the employer until Winchester was sold or liquidated. Defendant's Answer to Second Count, 4. There bonuses were awarded by the defendant in partial consideration of `his accomplishments against business objectives." Defendant's Memorandum in Support of Motion for Summary Judgment, Exhibit A, C(i); Plaintiff's Memorandum in Opposition to Motion for Summary Judgment, Affidavit of Richard M. Pelton, Exhibit A Para. 6. It is the opinion of the court that whether the MICP bonus promised to the plaintiff in relation to the sale or liquidation of Winchester was compensation for labor or services rendered under Conn. Gen. Stat. 31-71a(3), and, therefore, wages under Conn. Gen. Stat. 31-72, is a genuine issue of material fact in dispute.
The defendant also moves for summary judgment on the ground that the plaintiff's claim is barred by the statute of limitations for actions for payment of renumeration for employment. See Conn. Gen. Stat. 52-596. Conn. Gen. Stat.52-596 states that "[n]o action for the payment of remuneration for employment payable periodically shall be brought but within two years after the right of action accrues . . . ." (Emphasis added). This limitation does not apply to compensation payable in a lump sum. Mace v. Conde Nast Publications, Inc., 155 Conn. 680, 683-84 (1967); see also CT Page 6192 Leahy v. General Electric Credit Corp., D.N. 09 18 35, J.D. of Stamford/Norwalk at Stamford, Memorandum of Decision on Motion for Summary Judgment, May 14, 1990, Cioffi, J. (1990 WL 289536).
The plaintiff argues that the MICP compensation was not payable periodically, but in a lump sum. The pleadings, affidavits, and other proof submitted by the defendant do not resolve this issue. It is further, the opinion of the court, that whether MICP compensation was payable periodically is a genuine issue of material fact in dispute.
Whether the plaintiff's MICP compensation was "compensation for labor or services rendered" and whether it was payable periodically, are genuine issues of material facts in dispute and the defendant's motion for summary judgment is denied.
JOHN J. P. RYAN, JUDGE.