[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO CITE IN DEFENDANT
This is an action for personal injuries arising from an automobile accident brought by Charlene Snipes, a passenger, in the first automobile against the owner and operator of the second automobile. The complaint dated October 18, 1990, contains a second count against Terrence Jordan, the operator of the first car, but he was not served. On February 10, 1991, defendants moved to cite in Terrence Jordan as a party defendant. On February 21, 1991, plaintiff moved to amend her complaint to drop the second count, and on February 26, 1991, defendants filed an objection to this proposed amendment.
Conn. Gen. Stats. 52-102 provides, in pertinent part, that "upon motion made by any party . . . to a civil action, the person named in the parties motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ." Conn. Gen. Stats. 52-572h(c) states:
 In a negligence action to recover damages resulting from personal injury . . . occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the . . . damages . . . .
(Emphasis added). Subsections (d) and (n) of Conn. Gen. Stats.52-572h set forth the manner in which the proportionate share of liability and damages attributable to each party is to be calculated.
"What is now Connecticut General Statutes 52-572h
abolishes the common law rule of no contribution between joint tortfeasors and provides for the allocation of fault among them and apportioning any award of damages consistent with their degree of fault." Lombardi v. Johnstone, 4 CSCR 386 (April 17, 1989, Healey, State Trial Referee). Under Tort Report I, Conn. Gen. CT Page 6195 Stats. 52-572h provided that the allocation of fault and apportioning of damages be made as among any negligent "persons." Id.; see, Conn. Public Acts No. 86-338. "Thus, a defendant named by the plaintiff could have his or her liability reduced in proportion to the liability of other persons without their presence in the lawsuit as co-defendants." Howard v. Capellan, 5 CSCR 576, 577 (July 10, 1990, Maloney, J.). The statute was amended, however, by Conn. Pub. Acts No. 87-227, Tort Reform II, which changed the language to provide that liability is apportioned only when more than one "party" was negligent. See, Conn. Pub. Acts No. 87-227, 3. "As a result of this change . . . a defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action. " Howard v. Capellan, 5 CSCR at 577; see, also, Hillman v. York Auto of New Haven, 2 CtLR 547, 548 (October 25, 1990, Schimelman J.). "Such other person, therefore, is necessary as a party defendant for a complete determination of the question of proportionate liability." Howard v. Capellan, 5 CSCR at 577.
In this case, it appears necessary that Terrence Jordan be made a defendant in order that a complete assessment of the proportionate liability of all parties to this action can be determined pursuant to Conn. Gen. Stats. 52-572h.
Defendants' motion to cite in a Terrence Jordan as a party defendant is granted. The objection to plaintiff's motion to amend her complaint is sustained.
Wagner, J.