[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
ISSUE
Whether Shelly L. Graves is necessary for a complete determination or settlement of plaintiff's suit such that the defendant's motion to join Graves as a party defendant pursuant to General Statutes Sec. 52-102 (2) should be granted.
FACTS
On March 27, 1991, the plaintiff, Jill Blanchette, filed a one count complaint seeking damages from the defendant, William Pennington, for personal injuries arising out of a motor vehicle accident. The plaintiff alleges in her complaint that she was a passenger in a vehicle operated by Shelly L. Graves, which vehicle collided with the defendant's vehicle due to the defendant's negligence and carelessness. The plaintiff did not name Graves as a defendant.
On March 10, 1992, the defendant filed a motion, pursuant to General Statutes Sec. 52-102, to join Graves as a party defendant in accordance with the amended complaint attached to the defendant's motion.
DISCUSSION
In support of his motion, the defendant claims that Graves "is a person necessary to Connecticut General Statutes Sec. 52-102 (2) for a complete determination of any questions invoked herein including but not limited to a portion of damages among joint tortfeasors." (Defendant's Motion Join Party Defendant, #107).
In opposition to the defendant's motion, the plaintiff argues that the defendant was solely responsible for the motor vehicle accident and that she should not be required to sue a party "at the request of a Defendant who wishes to avoid liability. . . ." (Plaintiff's Objection to CT Page 3398 Defendant's Motion to Join Party Defendant, #108).
General Statutes Sec. 52-102 provides in pertinent part that "[u]pon motion by any party. . .to a civil action, the person named in the party's motion . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . . ."
General Statutes Sec. 52-572h(c) provides in pertinent part that "[i]n a negligence action to recover damages resulting from personal injury. . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of recoverable economic damages and the recoverable noneconomic damages. . . ."
In Howard v. Capellan, 2 Conn. L. Rptr. 68
(July 12, 1990, Maloney J.), a case factually similar to the present case, the court granted, over the plaintiff's objection, the defendant's motion to cite in the operator of the vehicle in which the plaintiff had been a passenger at the time of a collision with the defendant's vehicle. The court in Howard noted that because General Statutes Sec.52-572h provides a reduction in the liability of a defendant named by the plaintiff in proportion to the liability of another person only if that person is also a party to the action, "[s]uch other person. . .is necessary as a party defendant for a determination of the question of proportionate liability." Howard v. Capellan, supra. The court in Howard held that "Sections 52-102 and 52-572h establish a statutory scheme to allow a defendant to have a person named as a co-defendant, even over the objection of the plaintiff, if that person is potentially liable to the plaintiff." Id. 69; see also Snipes v. Fisher, 4 Conn. L. Rptr. 416 (July 31, 1991, Wagner, J.).
The plaintiff has alleged that she was a passenger in the vehicle being operated by Graves at the time of its collision with the vehicle being operated by the defendant. Based on the reasoning of the court in Howard, should Graves be liable for any of the injuries sustained by the plaintiff in the collision, Graves is, pursuant to Sections 52-102 (2) and 52-572 (h), a person necessary to the suit for a complete determination of the proportionate share of liability of each negligent party. The defendant's motion to join Graves as a party defendant is granted. The court's granting of this motion does not require the plaintiff to adopt the amended complaint proposed by the defendant CT Page 3399 and attached to his motion.
AUSTIN, JUDGE