[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO JOIN PARTY DEFENDANT
This is a negligence action in which plaintiffs John L. Longo and Alice E. Longo seek damages for personal injuries sustained in a motor vehicle accident which they allege was caused by the negligence of the defendant. The defendant has filed a special defense and cross claim in which the defendant alleges that the accident was caused by the negligence of plaintiff John Longo, the driver of the plaintiffs' vehicle.
The defendant has filed a motion to join plaintiff John Longo as a party defendant and to allow the defendant to refile his cross-complaint addressed to plaintiff John Longo.
The defendant claims that joinder of plaintiff John Longo as a defendant is necessary in order to facilitate the apportionment of fault pursuant to Tort Reform II. The defendant argues that in order for plaintiff John Longo's negligence to be quantified as it relates to the claims of CT Page 3485 plaintiff Alice E. Longo, he must be made a party defendant. As authority for his motion, the defendant relies upon General Statutes Sections 52-102 and 52-572h(c). Section 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
General Statutes Section 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
Subsection (d) of General Statutes Section 52-572(h) sets forth the manner in which the liability and damages attributable to each party is calculated.
The defendant cites numerous Superior Court decisions which hold that Section 52-102 requires the joining of potentially liable persons as party defendants in order that a complete assessment of the proportionate liability can be determined pursuant to General Statutes Section 52-572h(d). See e.g., Snipes v. Fisher, 6 CSCR 770 (August 26, 1991, Wagner, J.); McKeever v. Papcun, 4 CTLR 383 (August 5, 1991, Jones, J.); Howard v. Capellan, 5 CSCR 576 (August 13, 1990, Maloney, J.). The cases cited by the defendant are not persuasive when applied to the facts of the present case, in CT Page 3486 which the party sought to be joined as a party defendant is already a party plaintiff. In the cases cited by defendant, the party sought to be joined was not a party to the action.
Neither Section 52-572h(c) nor Section 52-102
requires that plaintiff John Longo be joined as a party defendant. Since he is a party plaintiff, the court may proceed under Section 52-102 to "a complete determination or settlement of any question involved" without joining him as a party defendant. The alleged negligence of plaintiff John Longo will be considered pursuant to General Statutes Section 52-572h(b), which provides:
 In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from personal injury, wrongful death or damage to property if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought including settled or released persons under subsection (n) of this section. The economic or noneconomic damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering which percentage shall be determined pursuant to subsection (f) of this section.
(Emphasis added).
Joinder of plaintiff John Longo as a defendant is not necessary to facilitate the apportionment of fault pursuant to Tort Reform II and, therefore, the court denies defendant's motion to join party defendant.
HENDEL, J.