[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action against Warren Johnson, as owner of the vehicle, and Kirsten Johnson, as the operator of a vehicle (hereinafter referred to as "Johnson") to recover damages for personal injuries claimed to have been sustained as a result of an automobile accident which occurred on September 26, 1989. Thereafter, Johnson moved, pursuant to General Statutes 52-102 and 52-107, for permission to allow Johnson to institute an action against Richard J. McCann and Vantage Transport, Inc. (the moving defendants), and others, asserting that complete examination of the case cannot be had without the presence of those parties and that their inclusion as party defendants is essential to the resolution of the case. On September 16, 1991, the court, Mottolese, J., granted the motion of the Johnsons to serve summons and complaint upon the moving defendant and others. The summons and complaint served by the Johnsons upon the moving defendants described the moving defendants as third-party defendants and sought money damages and contribution. CT Page 8827
The moving defendants then filed the Motion to Strike presently under consideration asserting that the complaint fails to allege a cause of action because Johnson is not legally entitled to contribution. Thereafter, Johnson filed a request for leave to amend the complaint against the moving defendants as to allege a claim for an apportionment of liability pursuant General Statutes52-572h(c) which was granted by the court (Rush, J.). Subsequent to the filing of the amendment to the complaint by Johnson, the parties have filed memoranda of law and have engaged in oral argument before the court.
Under Tort Reform I, a defendant's liability for a plaintiff's damages could be reduced in proportion to the liability of other persons regardless of whether these persons were parties to the action. Connecticut Public Act No. 86-338 3 (1986). Under Tort Reform II, Connecticut Public Act 87-227 3 (1987) amended General Statutes 52-572h(c) so as to provide:
 "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable non-economic damages except as provided in subsection (g) of this section.
Thus, in order for a defendant to assure that he is held liable for no more than his proportionate share of the plaintiff's damages, it is necessary that tortfeasors, other than released or settled persons, must be made parties to the action. Therefore, in order to assure that Johnson pays no more than the proportionate share of any damages found to be due the plaintiff, it is necessary that the moving defendants be parties to the action.
The court notes that the summons in the action instituted by Johnson describes each of the moving defendants as a third-party defendant. The court is aware that some courts have held that a third-party action pursuant to General Statutes 52-102a is an appropriate method to by which to obtain the presence of a party for the purposes of apportionment under Tort Reform II. However, General Statutes 52-102a provides, in pertinent part, that "(a) defendant in any civil action may move the court for permission, as CT Page 8828 a third-party plaintiff, to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claims against him." In the present case, there is no legitimate claim that the moving defendants are liable to the Johnsons for damages and the claim asserted is in reality based upon a claim of apportionment. An that a third-party defendant is liable to the plaintiff is an insufficient allegation to support a third-party action under General Statutes 52-102a. Commissioner of Environmental Protection v. Lake Phipps Landowners Corporation, 3 Conn. App. 100
(1985). The court finds that the Impleader Statute, General Statutes 52-102a, is not an appropriate vehicle to assert a claim for apportionment of damages under Tort Reform II because there is no proper claim that the moving defendants are liable to Johnson for all or part of the plaintiff's claim against Johnson. See, such cases as Howard v. Catellan 2 CTLR 68 (July 12, 1990) (Maloney, J.).
While the summons in the present case describes the moving defendants as a third-party defendant, the motion for permission to cite the moving defendants as parties was expressly made pursuant to General Statutes 52-102 and 52-107. General Statutes 52-102
provides:
 "Upon motion made by any party or non-party to a civil action, the person named in the party's motion or the non-party so moving, as the case may be, . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein . . .;"
Many courts have held that the above quoted provisions of General Statutes 52-102 is the appropriate basis upon which to I bring a non-party before the court and generally require the plaintiff to institute an action against the non-party sought to be made a party. See such cases as Howard v. Capellan, supra; Knapik v. Hanson, 6 CTLR 392 (May 20, 1992) (Cofield, J.); Blanchette v. Pennington, 6 CTLR 358 (April 15, 1992, Austin, J.); Snipes v. Fisher, 4 CTLR 416 (July 311, 1991, Wagner, J.); Deveau v. Buccheri, 4 CTLR 355 (July 3, 1991, Hennessey, J.); Young v. Vanconant, 4 CSCR 314 (March 3, 1989, Kulawiz, J.). The result is often accomplished by requiring the plaintiff to amend the complaint pursuant to an order such as set forth in the Practice Book Form 106.4. However, in the present case, the defendants, with the permission of the court, instituted the CT Page 8829 action against the person sought to be made a party as opposed to requiring the plaintiff to institute such a claim. However, the court can find no requirement that the plaintiff must be compelled to cite in a non-party for the purposes of apportionment under Tort Reform II rather than authorizing a defendant to do so. See general statutes 52-102: 52-103: 52-107; Practice Book 85; 99; 103.
Accordingly, the court finds that the action instituted by Johnson against the moving defendants constitutes an appropriate vehicle to raise the issue of apportionment of damages for the purposes of Tort Reform II. Accordingly, the complaint filed by the defendants Johnson, as amended, does set forth a cause of action sufficient to withstand a motion to strike, at least insofar as it seeks apportionment of liability pursuant to General Statutes52-572h(c).
Following the amendment to the complaint made by Johnson, the motion to strike was not amended so as to constitute a motion to strike the relief claimed. Accordingly, the amended complaint filed by Johnson seeks, in addition to apportionment of liability, contribution and damages.
However, there is no present right of contribution, which exists only in post judgment proceedings pursuant to General Statutes 52-572h(h). See such cases as Howard v. Capellan, supra; Knapik v. Hanson, 6 CTLR 392 (May 20, 1992) (Cofield, J.); Blanchette v. Pennington, 6 CTLR 358 (April 15, 1992, Austin, J.); Snipes v. Fisher, 4 CTLR 355 (July 31, 1991, Wagner, J.); Deveau v. Buccheri, 4 CSCR 314 (July 3, 1991, Hennessey, J.); Young v. Vanconant, 4 CSCR 314 (March 3, 1989, Kulawiz, J.). Similarly, there are no facts alleged in the amended complaint which would give rise to a claim for damages and such a claim would not appear to be justified on an active-passive tortfeasor theory or on the basis of an independent legal relationship under the rule of such cases are Ferryman v. Groton, 212 Conn. 138 (1989) and Atkinson v. Berloni, 23 Conn. App. 325 (1990).
In the present action the plaintiff has not instituted suit against the moving defendants and accordingly, liability for monetary damages cannot be imposed upon them. The plaintiff therefore takes the chance that a proportionate share of responsibility will be imposed upon the moving defendants against whom no claim for damages has been made. CT Page 8830
For the reasons herein before set forth the Motion to Strike (#111) is hereby denied.
RUSH, J.