[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CITE IN ADDITIONAL DEFENDANT
The defendants have filed a motion under section 52-102. of the General Statutes to cite in an additional defendant for the purpose of allocating the responsibility for the plaintiff's injuries among persons responsible for them under section 52-572h and to reduce the amount of damages owed by the existing defendants to the plaintiff. The intended result is clear, but the route to it under Connecticut civil procedure is confusing. The courts have had difficulty in reaching solutions that do not create a new series of questions and problems with pleadings, parties, and jury instructions. As Judge Rush aptly stated in Kennedy v. Martinez,7 Conn. L. Rptr. 354
(1992), section 52-572h "has produced numerous decisions CT Page 11194 by the Superior Court, not necessarily in agreement, as to who should be made parties, when they may be made parties and how they should be made parties." At the risk of adding to the confusion, this court reviews the problem in the context of the facts of this case and the defendants' motion, which requests the court to order the plaintiff to amend her complaint and cite in another person as a defendant.
This case presents an increasingly familiar visitor to the Connecticut courts: a plaintiff injured after October 1, 1987 (here November 22, 1989) commencing a negligence action shortly before expiration of the two year statute of limitations for negligence in section 52-584 CGS (on November 19, 1991). The plaintiff was a passenger in one of the two cars in the accident, and sued the driver and owner of the other car, but not the driver of the car in which she was riding, presumably because she was a relative. The named defendant apparently made a left turn in front of the car in which the plaintiff was riding. This motion to add the driver of the other car was filed on October 30, 1992, almost a year after the action was started and well past the statute of limitations. The motion alleges that the other driver is a necessary party for a complete determination of the question of proportionate liability under section52-572h, but does not state any facts or make any specific claims of negligence by the other driver.
The courts should go along with any reasonable request to bring other potential tortfeasors into the case as parties. A defendant should only be saddled with the proportion of damages caused by his negligence, because that is the clear intent and policy behind the statute. Under prior law each defendant, without regard to relative degrees of fault, was responsible for all the plaintiffs damages. This was subject to the limitation that a plaintiff could not recover collectively from all defendants more than that amount, but there was no contribution among joint tortfeasors. Gomeau v. Forrest, 176 Conn. 523, 524. Under Tort Reform I [Public Act 86-338, section 3, effective from October 1, 1986 to October 1, 1987], each defendant's liability for a plaintiff's damages was reduced in proportion to the liability of other persons regardless of whether or not they were parties to the action. The problems of existing defendants blaming others, not always clearly identified, certainly not defended by counsel, and based on open ended claims of negligence, was sufficiently obvious that the law was changed to allow allocation of negligence only among parties to the action. Public Act. 87-227 section 3 (part of Tort Reform II) amended section52-572h(c) to provide that each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of recoverable damages. The trier considers the percentage of negligence attributable to all parties whose negligent actions were a proximate cause of the injury or damages. Section 52-572h(d) C.G.S. The negligence of CT Page 11195 persons who are not parties will not be considered, no matter how significant. This requires a defendant to bring negligent non-parties into the action in order to assure that the existing defendants are not liable for more than their proportionate share of the plaintiff's damages.
The decisions reviewing the problem generally agree that a motion to bring in additional parties for this purpose is made under section 52-102
of the General Statutes [as amended by Public Act 87-227 section 10]. See Aponte v. Johnson, 7 Conn. L. Rptr. 364 (1992) (Rush, J); Jaye v. Gluck,5 Conn. L. Rptr. 327 (1991) (Hurley, J.); Howard v. Capellan,2 Conn. L. Rptr. 68 (1990) (Maloney, J.); Brozdowski, Administrator v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. 237 (1992) (Katz, J.); Blanchette v. Pennington,6 Conn. L. Rptr. 358, 7 CSCR 564 (1992) (Austin, J.); Snipes v. Fisher,4 Conn. L. Rptr. 320, 6 CSCR 770 (1991) (Wagner, J.); Young v. Vanconant,4 CSCR 314 (1989) (Kulawiz, J.); Bueno v. Duva, 7 CSCR 919 (1992) (Fuller, J.); Hillman v. York Auto of New Haven, 2 Conn. L. Rptr. 684 (1990) (Schimelman, J.); Lombardi v. Johnstone, 4 CSCR 386 (1989) (Healey, J.); Pierce v. Delaney, 7 Conn. L. Rptr. 349 (1992) (Reilly, J.); Deveau v. Buccheri, 4 Conn. L. Rptr. 280 (1991) (Hennessey, J). The relevant portion of section 52-102 provides: "Upon motion made by any party . . . to a civil action, the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. ." Section52-107 and its counterpart in section 99 of the Practice Book allow the court to direct that other parties be brought into an action "if a complete determination cannot be had without the presence of other parties." These provisions allow the court to order additional persons whose negligence may have contributed to the plaintiff's injuries to be brought into the action before trial. The fact that the same public act amended both section 52-102
and 52-572h suggests that they were intended to work together to allow existing defendants to limit their liability to the plaintiff and get all responsible parties into the same action.
The motion was filed under section 52-102. Since the defendants do not intend to assert any third party claims against the additional defendant here, section 52-102a and its counterpart in section 117 of the Practice Book for impleading a third party by a defendant do not apply. Under those provisions a defendant serves a new writ, summons and complaint upon the person brought in as a third party defendant. Apportionment of liability among defendants under section 52-572h is adequately accomplished by joining the additional person as a party to the action by using section52-102, and does not require any claims against that person by existing defendants, a prerequisite for using section 52-102a. Aponte v. Johnson, supra, 365. CT Page 11196
There is a split of authority over whether the plaintiff or the defendant has to cite in the additional defendant, and whether the plaintiff must amend the complaint to state claims against that defendant. Several decisions make the persuasive argument that a plaintiff should not be compelled to bring an action for monetary damages against anyone. Aponte v. Johnson, supra, 366; Lombardi v. Johnstone. See also Brozdowski, Administrator v. Southern Connecticut Gas Co. supra. There is also the possibility and risk of future litigation for vexatious suit if it turns out that there was no real basis for a negligence claim against the new defendant. Lombardi v. Johnstone. The short answer to a claim that an additional person has some responsibility for the plaintiff's injury and that failure to include him jeopardizes the existing defendant is that the defendant can cite him in.
There is no compelling reason why the plaintiff must amend the complaint at the defendant's request. If the plaintiff fails to amend the complaint to and allegations against the additional defendant, then there can be no recovery for that defendant's proportional share of damages at the time of trial. The plaintiff who fails to name a party with potential liability as a defendant also runs the risk that his ultimate recovery will be reduced if the existing defendants file a motion to cite in other potentially negligent persons.
In addition, a plaintiff faces the problem in many cases, as in this one, that it is too late to make a claim against another defendant because the two year statute of limitations has run as to any additional defendants. Amending the complaint at this point is a futile act, and the new count of the complaint is an open target for a motion for summary judgment. The amendment states a new cause of action and does not relate back to the institution of the action, Keenan v. Yale New Haven Hospital,167 Conn. 284-286; Sharp v. Mitchell, 209 Conn. 59, 71-75, since it is against a new party. Vincent v. Litchfield Farms Inc.,21 Conn. App. 524, 527-528. The decisions are conflicting on whether a joint tortfeasor can he cited in only to apportion damages if a direct claim is barred by the statute of limitations. Contrast George v. Royer,5 Conn. L. Rptr. 301 (1991) (Pickett, J.) allowing the new party for apportionment only, with Belanger v. Maynard, 6 Conn. L. Rptr. 553
(1992) (Berger, J.), denying a motion to cite in. This raises the related question whether it is essential for there to be a complaint against the defendant cited in. A review of Connecticut procedure in civil actions suggests that it is not.
It is common practice to start an action by a writ, summons and complaint, since the writ of summons or attachment must be accompanied by the plaintiff's complaint. See section 49, Practice Book and sections CT Page 1119752-45a and 52-54 C.G.S. In fact the writ is usually void if there is no complaint accompanying it. Galvin v. Birch, 97 Conn. 399, 401. What is essential for the court to have jurisdiction over a civil action is the writ of summons, directing the authority serving it to summon the defendant to court on a specific date to answer the complaint. Hillman v. Greenwich,217 Conn. 520, 525, 526. However, "the parties to a suit are made by the writ or process, not by the complaint or pleading." Goodrich v. Alfred,72 Conn. 257, 261. The contents of the complaint are subject to amendment and are not the basis for subject matter jurisdiction. Civil actions and administrative appeals often contain nominal parties against whom there are no allegations in the complaint but who are included because they have a material interest in the action, or act in a representative capacity. A statute can require persons to be added nominal parties without amending the complaint to make allegations or requesting relief against them. This is what the legislature intended in section 52-572h. Neither section 52-102
nor 52-107 mandates that a new or amended complaint must be served with the citation because no new civil action is required. The original complaint or none at all may suffice. Once the court authorizes the new defendant to be brought in to the existing action, the original defendant can cite him in without the plaintiff amending the complaint. The plaintiff would still have the option of amending the complaint to state claims against the additional defendant, subject to a possible statute of limitations defense.
Even though the complaint does not have to be amended to state a cause of action by the plaintiff against the additional defendant, there must be some grounds of negligence stated against the proposed defendant to submit to the trier when the case is heard. The trier can only allocate responsibility for the plaintiff's injuries between negligent parties. For the motion to be granted there should be some allegations in the motion itself, a proposed amended complaint or some evidence presented to the court to show that there is a reasonable possibility that the proposed defendant was negligent. Whether this should be asserted in a pleading in addition to the motion to cite in is not decided here. The allegations in the complaint here identify the additional defendant as the driver of the second car involved in the accident, but neither it or the motion to cite in identify any negligent acts by that driver. That is insufficient.
Not requiring an amended complaint against the additional defendant solves other pleading problems the courts have faced. Without an amended complaint there can be no recovery against the additional defendant, who is then in the case only for other defendants to reduce their damages. There will be no necessity for motions to strike or for summary judgment to challenge the legal sufficiency of the allegations of the amended complaint or to decide whether it is barred by the statute of limitations. See Kennedy v. Martinez, supra; Simkewicz v. Goodin, 5 Conn. L. Rptr. 320
CT Page 11197-a (1992) (Barall, J.). The additional defendant does not have to plead or attend the trial for his percentage of negligence to be considered, but still has the option to appear and defend against claims of negligence.
In this case the court denies the motion to cite in Karin Bauer as an additional defendant, without prejudice to the filing of another motion stating facts which support a claim of negligence.
Robert A. Fuller, Judge
CT Page 11198