[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO IMPLEAD (#125) AND MOTION TO CITE IN ADDITIONAL DEFENDANT (#127)
The present action before the court involves a Tort II claim brought by the plaintiff, Faith Bulley (hereinafter CT Page 8097 "plaintiff"), against the defendants, Scott A. Tettelbaum and General Motors Acceptance Corporation (hereinafter "defendants"), for injuries she sustained in a two car accident which occurred on December 21, 1989, at the intersection of Cherry Hill and Miller Road, in Middlefield, Connecticut.
On the date in question, the plaintiff was a passenger in an automobile which was driven and owned by the plaintiff's mother, Joan Bulley (hereinafter "Bulley"). Bulley was not made a party to the action prior to the expiration of the applicable statute of limitations, pursuant to General Statutes Sec. 52-584.
The defendants now seek to have Bulley brought into the action as a party soley [solely] for the purposes of apportionment of damages.
On April 2, 1993, the defendants filed their motion to implead Bulley as a third-party defendant, pursuant to General Statutes Sec. 52-102a and Practice Book Sec. 117.
On April 6, 1993, the defendants filed their motion to have Bulley cited in as a party defendant, pursuant to General Statutes 52-102 and Practice Book Sec. 99.
"Whether to allow the addition of a party to pending legal proceedings generally rests in the sound discretion of the trial courts." A. Secondino Son, Inc. v. LoRicco,19 Conn. App. 8, 14, 561 A.2d 142 (1989).
It is not within the province of the court to order the plaintiff to bring in a party pursuant to the defendants' motion to cite in an additional party defendant.
Therefore, the court denies the defendants' motion to cite in an additional party defendant based on this principle of jurisprudence.
However, even though any action against Bulley is barred by the statute of limitations, pursuant to General Statutes Sec. 52-584, the court should allow the defendants to implead Bulley as a third-party defendant for apportionment purposes. See, Teldesco v. Whittelaw,9 Conn. L. Rptr. 149 (May 26, 1993, Lager, J.) (where the court granted the defendants' motion to cite in an additional party defendant CT Page 8098 solely for apportionment purposes, even though, the statute of limitations barred any action against the cited in defendant).
Therefore, the court grants the defendants' motion to implead Bulley as a third-party defendant for the sole purpose of apportionment of damages under Tort II.
HIGGINS, J.