[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Under Tort Reform II, General Statutes 52-572h (c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section.
"Thus, in order for a defendant to assure that he is held liable for no more than his proportionate share of the plaintiff's damages, it is necessary that tort-feasors, other than released or settled persons, must be made parties to the action." Aponte v. Johnson, 7 CSCR 1196 (September 14, 1992, Rush, J.) "[A] defendant named by the plaintiff cannot have his or her liability reduced in proportion to the liability of another person unless that person is also a party to the action." Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1992, Maloney, J.)
General Statutes 52-102 provides:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving, as the case may be, (1) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question CT Page 1787 involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
As in the present case, where a party has a claim adverse to the plaintiff, the proper procedure is a motion to cite in the necessary party pursuant to General Statutes 52-102. Freeland v. Atlantic Waste Paper, 9 Conn. L. Rptr. 276, 277 (June 22, 1993, Lager, J.); Knapik v. Hanson, 6 Conn. L. Rptr. 392, 393 (May 20, 1992, Cofield, J.); Snipes v. Fisher, 6 CSCR 770, 770-71
(July 31, 1991, Wagner, J.); Young v. Vanconant, 4 CSCR 314,315 (March 3, 1989, Kulawiz, J.); Lombardi v. Johnstone,4 CSCR 386 (April 17, 1989, Healey, State Trial Referee); but see Bulley v. Tettelbaum, 8 CSCR 996 (September 7, 1993, Higgins, J.) (defendant must implead the necessary person as a third party defendant under General Statutes 52-102a).
Because a motion to cite in requires that a person necessary to the adjudication of the matter be made a party in the action, the proper procedure is to have the plaintiff amend the complaint and serve the necessary party. Espowood v. Springfield Terminal Railway Co., supra, 978; but see Bushie v. Putzig, 10 Conn. L. Rptr. 228, 230 (October 12, 1993, Mottolese, J.) (time-barred person may be made a party defendant under General Statutes 52-102a). The court orders the plaintiff to amend her complaint and to serve Dodge with the complaint and summons.
SYLVESTER, J.