[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court on the motion of Janet Budziniack to strike the second count and second prayer for relief of the amended third party complaint, in which the defendants Town of Wallingford and its director of public works have alleged that Budziniack is legally responsible for the injury claimed by the plaintiff, Kathryn Breeden, in a fall on a tree belt adjoining a public sidewalk. The third party plaintiffs claim that Budziniack is liable for a proportionate share of the plaintiff's damages pursuant to General Statutes § 52-572h.
The challenged second count is part of a complaint in which the defendants, as third party plaintiffs, claim in the first count CT Page 7421 that Budziniack had exclusive control of the area at issue, that she was negligent, and that the third party plaintiffs had no reason to anticipate her negligence and relied on her not to be negligent.
The second prayer for relief, to which the motion to strike is also directed, seeks as a remedy "[a] proportionment [sic] of the negligence attributed to the third party defendants, pursuant to Connecticut General Statutes § 52-572h."
After the third party complaint was filed against Budziniack, the plaintiff filed a complaint against her, asserting that Budziniack was the owner of the premises adjoining the tree belt where the plaintiff fell and that Budziniack is legally responsible.
The motion before the court raises the recurrent issue of the proper procedural means to invoke General Statutes § 52-572h, which provides that
 c) In a negligence action to recover damages resulting from personal injury. . .if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . .
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike.D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218-19 (1987).
The second count of the third party complaint alleges no cause of action in addition to the claim set forth in the first count but merely incorporates the claims of liability made in the first count and asserts that the third party defendant is liable for the proportionate share of the plaintiff's damages caused by her negligence.
While the duplicative nature of the second count might well CT Page 7422 have been raised by a request to revise, the third party defendant's choice has been to pursue the point that the claim for apportionment does not itself state a cause of action.
Sec. 52-572h does not, in fact, create a cause of action;Walker v. Broadcannon Associates, 8 CSCR 833 (1993); Watson v.Boykin, 7 CTLR 261, 261-62 (1992); rather, it limits the liability of parties to the extent of their own legal responsibility for the injuries or losses proven and relieve them of responsibility for the negligence of others, absent the existence of some duty owed to such other parties because of some duty or relationship.
Numerous judges have ruled that the proper method to invoke § 52-572h is by citing in a claimed joint tortfeasor pursuant to General Statutes § 52-102 and Practice Book § 103 without necessarily serving the alleged joint tortfeasor with a complaint. Zollner v.Hamilton, 8 CSCR 447 (1993); Aponte v. Johnson, 7 CSCR 1196, 1197
(1992); Blanchette v. Pennington, 7 CSCR 564, 565 (1992); Snipes vFisher, 6 CSCR 771 (1991); Forader v. Windsor Lodge #2060,6 CSCR 529 (1991); Howard v. Capellan, 2 Conn. L. Rptr. 68 (1990).
To be sure, there are situations in which a defendant or plaintiff may actually assert a cause of action against a party who is subject to § 52-572h. In the case now before the court, in fact, the defendants have, in the first count of their cross complaint, made allegations that Budziniack breached a duty to them, and the plaintiff has likewise alleged that Budziniack is liable to her in negligence. The assertion of these claims and invocation of the statute in the prayer for relief is enough to trigger the application of § 52-572h in the adjudication of this case, without the assertion of this provision in a separate count. The third party defendants have properly raised the applicability of § 52-572h
as part of their prayer for relief as an acceptable method of putting other parties on notice that they seek the application of this statute.
No separate cause of action is alleged in the second count of the third party complaint. The motion to strike is therefore granted. The motion to strike the second claim of the prayer for relief is denied.
Beverly J. Hodgson Judge of the Superior Court CT Page 7423