[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE CROSS COMPLAINT #107
On November 1, 1994, the plaintiff, Nicole Fanell, brought a single count complaint against the defendant, Lisa L. Hnath, alleging negligence arising from a motor vehicle accident. In her complaint, Nicole Fanell alleges that when the accident occurred she was a passenger in an automobile operated by her mother, Maria Fanell. Nicole Fanell alleges that the automobile in which she was travelling was struck from behind by another automobile operated by Hnath.
Hnath filed a cross complaint, dated October 18, 1994, against Maria Fanell, alleging that the accident was caused in whole or in part by the negligence of Maria Fanell. In her "Statement of Remedies and Amount in Demand," Hnath states that she seeks only "[a]ssessment of the proportionate share of recoverable damages awarded to the Plaintiffs, if any, from the defendant, Maria Fanell." Maria Fanell filed a motion to strike Hnath's third party complaint, and a memorandum of law in support the motion, on April 3, 1995.
In her memorandum of law in support of her motion to strike, Maria Fanell argues that Hnath's third party complaint seeks, no affirmative relief from Maria Fanell but rather seeks only apportionment of damages. Maria Fanell argues that a claim for apportionment fails to state a cause of action, and that therefore, Hnath's complaint should be stricken. CT Page 12082
Hnath's complaint was brought following the granting of Hnath's "motion to implead," which reads "[t]he undersigned Defendant hereby moves for permission to implead Maria Fanell as a cited-in Defendant in the above-entitled action, and to serve the Cross-Complaint." Although Hnath's motion was entitled "Motion to Implead," the text of the motion and the purpose for which it was brought, i.e. to cite in Maria Fanell for apportionment purposes, demonstrate that the motion was brought pursuant to § 52-102. This court has previously held . . . that a motion to cite in pursuant to General Statutes 52-102 . . . is the vehicle for adding a defendant to a plaintiff's action for purposes of apportioning liability . . . ." Ortiz v. Douglas, 9 Conn. L. Rptr. 62 (April 27, 1993, Hennessey, J.).[1]
Some courts have held that the proper way in which to proceed upon a motion to cite in is "to order that the plaintiff amend the complaint to state facts showing the interest of the party to be cited in." Ortiz v. Douglas, supra, 9 Conn. L. Rptr 62; see also,White v. B.J.W Car Rental 8 CSCR 565 (May 3, 1993, Sullivan, J.); Practice Book Form 106.4. However, in the present case, Hnath, with the permission of the court, instituted the action against Maria Fanell, the party sought to be made a party. In Aponte v.Johnson, 7 CSCR 1196 (September 14, 1992, Rush, J.) the court, faced with a similar procedural quandary, stated: "the court can find no requirement that the plaintiff must be compelled to cite in a non-party for the purposes of apportionment under Tort Reform II rather than authorizing a defendant to do so." The court concluded that the defendant's cross complaint did "set forth a cause of action sufficient to withstand a motion to strike, at least insofar as it seeks apportionment of liability pursuant to General Statutes52-572h(c)." Id.
The court hereby denies Maria Fanell's motion to strike pursuant to Aponte v. Johnson, supra, 7 CSCR 1196.
FORD, JUDGE