PATRICK GLENDENING ET AL. *v.* NANCY L. WEIS

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 333025
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed October 4, 1988

*Rome, Case, Kennelly & Klebanoff,* for the plaintiffs.
*Naab & Danforth,* for the defendant.

HAMMER, J. In this action for damages for personal injuries sustained by the minor named plaintiff, the first count of the complaint alleges that he was "attempting to cross Blueberry Lane in Burlington, Connecticut, on his bicycle" when he was struck and knocked to the ground by the defendant's automobile, which she was driving in a southerly direction on Blueberry Lane. He claims damages for personal injuries he sustained, including a fractured skull and a cerebral concussion, as well as for other injuries which he alleges resulted from the defendant's negligent operation of her vehicle.

The second count of the complaint alleges that, at the time, the plaintiff, Kathleen Glendening, the minor named plaintiff's mother, was "located near the scene of the accident and . . . witnessed the minor Plaintiff being struck by the Defendant and thrown from his bicycle." She claims that, as a result of the defendant's negligence, "and having witnessed the injury to her son, the Plaintiff suffered from extreme emotional distress, nervousness and an inability to eat and sleep . . . " for which she seeks monetary damages in her own behalf.

The defendant has moved to strike the second count of the complaint because it fails to state a cause of action upon which relief may be granted. She claims that the plaintiff mother was not "within the zone of danger at the scene of the accident, which is a necessary element of a bystander's claim of emotional distress upon witnessing the accident."

The defendant relies on the recent decision of *Maloney* v. *Conroy*, 208 Conn. 392, 545 A.2d 1059 (1988), which, she argues, "reaffirmed that there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." The plaintiff mother, in support of her objection to the motion, argues that the defendant has misstated the Supreme Court's holding in *Maloney*, which, she claims, was expressly limited to medical malpractice cases.

The *Maloney* opinion, authored by Justice Shea, reviewed, beginning with *Strazza* v. *McKittrick*, 146 Conn. 714, 156 A.2d 149 (1959), the principal Supreme Court decisions dealing with claims of emotional disturbance by a bystander based upon negligence. *Strazza* "relied upon the view prevailing generally at that time" that there could be no recovery for injuries caused by a person's fear of threatened harm or injury to another person. *Maloney* v. *Conroy*, supra, 394–95. The court's next encounter with a similar claim was in *Amodio* v. *Cunningham*, 182 Conn. 80, 438 A.2d 6 (1980), in which the plaintiff, like the plaintiff in *Maloney*, alleged a cause of action for emotional harm resulting from the defendants' alleged medical malpractice. *Maloney* v. *Conroy*, supra, 395.

In *Amodio*, the court discussed the opinion of the California Supreme Court in *Dillon* v. *Legg*, 68 Cal. 2d 728, 441 P.2d 912, 69 Cal. Rptr. 72 (1968), which recognized a cause of action for emotional distress by a

mother who had seen her child being struck and killed by a negligently operated automobile that did not endanger the mother. The three criteria stated by the court in *Dillon* for determining whether the plaintiff's injury was reasonably foreseeable were: (1) whether the plaintiff was near the scene of the accident, (2) whether the emotional shock was the result of the "sensory and contemporaneous observation of the accident," and (3) whether the plaintiff and the victim were closely related. Id., 740–41.

Justice Shea, after reviewing the *Dillon* rationale, stated that "[w]e are not inclined to resume our dalliance with the *Dillon* guidelines . . . " in connection with claims of emotional disturbance arising from medical malpractice "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise. . . . " *Maloney* v. *Conroy*, supra, 402. The opinion then states the policy reasons which make the *Dillon* guidelines undesirable, and hence, inapplicable to the relationship between providers of medical care and their patients. Id., 402–404.

The court's conclusion from its analysis of the *Maloney* opinion is that although the Supreme Court's "dalliance" with *Dillon* has ended so far as medical malpractice claims are concerned, the applicability of the *Dillon* criteria remains an open question in situations where a person witnesses an accident caused by another's negligence involving a member of his family. In both *Amodio* and *Maloney,* although the court found that no cause of action existed in the medical malpractice context, it nevertheless went to great lengths to explain why the *Dillon* criteria should not be applied where the plaintiff sues a physician or other health care provider for professional negligence.

Under the allegations of the second count of the complaint, the first *Dillon* requirement of proximity to the

scene appears to have been met. It should be noted that the summons indicates that both plaintiffs reside in Burlington at 4 Blueberry Lane, the street on which the accident occurred.

The allegation that the plaintiff mother "witnessed" the accident satisfies the second requirement that the emotional shock or distress result from the "sensory and contemporaneous observance of the accident." *Dillon* v. *Legg,* supra, 740. This court, in *D'Amicol* v. *Alvarez Shipping Co.,* 31 Conn. Sup. 164, 326 A.2d 129 (1973), has recognized, like the Pennsylvania courts, that a bystander's contemporaneous observation of the tortious conduct is "the critical element for establishing . . . liability" particularly where that person is a parent. *Mazzagatti* v. *Everingham,* 512 Pa. 266, 280, 516 A.2d 672 (1986); see annot., 5 A.L.R.4th 833, 838, citing *D'Amicol* v. *Alvarez Shipping Co.,* supra.

In Connecticut, as in other states, the concept of the "zone of danger" has been expanded to include a plaintiff who is exposed only to emotional impact or injury. *Montinieri* v. *Southern New England Telephone Co.,* 175 Conn. 337, 342–45, 398 A.2d 118 (1978). The degree of foreseeability of emotional shock to a nearby mother who actually observes the accident is sufficiently great to impose liability on a defendant whose negligence causes the emotional impact and its consequences. *D'Amicol* v. *Alvarez Shipping Co.,* supra, 169.

For the foregoing reasons, the defendant's motion to strike the second count of the complaint is denied.