[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
On October 17, 1991 the plaintiffs, William Stoughton, Administrator, Lauren Taft and Bruce Taft, filed a complaint against the defendant George Sabolcik d/b/a Hi Standard Electric Co. The plaintiffs allege that on October 1, 1990, Jennifer Taft, then three years old was with both her mother, Lauren and her brother, Bruce, standing on the side of a street awaiting the arrival of a school bus, the plaintiffs contend that the defendant, while driving a van in the course of his business, saw Lauren, Bruce and Jennifer, and stopped to talk with Lauren. Thereafter, the defendant began to drive away without determining the location of Jennifer. The defendant struck and ran over Jennifer, resulting in her death, the plaintiffs allege in counts two and three of their complaint that Jennifer's mother and brother were in the zone of danger when Jennifer was struck by the defendant, and that the mother and brother were "immediately aware that said accident involving Jennifer had occurred." Consequently, the plaintiffs allege, Lauren and Bruce suffered severe emotional distress.
On December 11, 1991. The defendant filed a motion to strike, claiming that, pursuant to Maloney v. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988), a cause of action for bystander emotional distress is not recognized in Connecticut and that, furthermore, the plaintiffs have failed to allege that they either saw the conduct of the defendant while it was occurring or witnessed Jennifer being struck and run over. On January 15, 1992, the plaintiffs filed a memorandum in opposition to the motion to strike in which they contend that Connecticut does recognize a claim for bystander emotional distress, and that they have alleged a proper claim under such a cause of action.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits CT Page 274 all facts well pleaded." Perryman v. Groton, 212 Conn. 138, 142,561 A.2d 422 (1989). Furthermore, the court is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988).
In Maloney, supra, the Supreme Court definitively ruled that a bystander emotional distress claim is not available in a medical malpractice context. However, the superior courts are split as to whether bystander emotional distress damages are available in negligence suits not predicated upon medical malpractice, See e.g., Glendening v. Weis, 41 Conn. Sup. 165,560 A.2d 995 (1990, Hammer, 3.); Robson v. Schoenster, 3 CTLR 351 (February 21, 1991, Ryan, J.); Buynovsky v. Ford Motor Co., 1 CTLR 542 (April 23, 1990, Maiocco, J.) (holding that a claim for bystander emotional distress is permissible, assuming its elements are properly alleged). But see Belanger v. Glastonbury, 3 CTLR 623 (April 22, 1991, Freed, J.); Tuten v. Bishop's Garage, Inc., 4 CSCR 520 (June 1, 1989, Koletsky, J.) (holding that Connecticut does not recognize a claim for bystander emotional distress).
In Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814, 829-30,257 Cal.Rptr. 865 (1989), the California Supreme Court stated that the elements of a bystander emotional distress claim are:
 (1) The plaintiff must be closely related to the injury victim; (2) the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim; and (3) as a result the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
Id.
In Strazza v. McKittrick, 146 Conn. 714, 718-19, 156 A.2d 149 (1959), the Connecticut Supreme Court held that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." Id, However, in Amodio v. Cunningham,182 Conn. 80, 87, 438 A.2d 6 (1980), the court discussed the California Supreme Court decision in Dillon v. Legg 68 Cal.2d 728, 441 P.2d 912,69 Cal.Rptr. 72 (1968), which first recognized a cause of action for bystander emotional distress. The Dillon court set forth California's original requirements for a claim in bystander emotional distress. Dillon was later modified by Thing, supra, because "little consideration has been given in post-Dillon decisions to the importance of avoiding the limitless exposure to liability that the pure foreseeability test of `duty' would create and toward which these decisions have moved." Thing771 P.2d at 821. The Thing court continued, stating that "It is appropriate to restrict recovery to those persons who will suffer an emotional impact beyond the impact that can be anticipated whenever one learns that a relative is CT Page 275 injured or dies or the emotion felt by a `disinterested' witness." Id.
In Amodio, a child died after a doctor negligently failed to diagnose a disease, Id. at 88-89. The court refused to recognize the mother's claim for bystander emotional distress, stating that "[e]ven were we inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." Id. at 92. However, the superior courts which have allowed a claim for bystander emotional distress "generally find that the implication of Amodio is that a plaintiff meeting the criteria of the cause of action as stated in Dillon, as modified by Thing, may have a cause of action." Lawrence v. Sniffen, 3 Conn. L. Rptr. No. 11, 354, 355 (February 21, 1991, Ryan, J.)
This court finds that the holding in Maloney is limited to medical malpractice actions, and that the implication of Amodio is that a plaintiff satisfying the Dillon requirements as clarified in Thing may have a cause of action for bystander emotional distress.
The next question for this court is whether or not the plaintiff has sufficiently alleged such a cause of action. As stated, supra, the plaintiff must satisfy the requirements set forth in Thing, supra. The second element of Thing supra, is that "the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim." Id. (Emphasis added,) Thus, the bystander must actually witness the injury as it occurs. Witnessing the injury subsequent to its occurrence is not enough. See, e.g., Glendening, supra at 168 (discussing a similar requirement pursuant to Dillon). In their complaint, the plaintiffs allege that the mother and brother were "immediately aware that said accident involving [Jennifer] had occurred." (Emphasis added.) This allegation indicates an awareness of the injury subsequent to its infliction and, does not satisfy the requirements of Thing. Accordingly, the motion to strike is granted.
PICKETT, J.