[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiffs' complaint in two counts alleges that the plaintiff John Doe, Jr. and John Doe Sr. were at the defendant's supermarket when the minor child sustained injuries when a cast-iron pipe fell from the ceiling striking him on the head.
The action in the first count is based on the theory of res ipsa loquitur. That count claims damages on behalf of John Doe, Jr. a minor child and John Doe, Sr. who was required to expend sums for medical care, etc. The second count of the complaint alleges that John Doe, Sr. suffered emotional distress caused by the defendant's negligence and further that John Doe, Sr. "was within the range of harm when he observed his son, John Doe, Jr. suffer physical injury." The plaintiffs further allege that the defendant should have reasonably foreseen the emotional distress that would likely result from their negligence and that their negligence was a substantial factor in causing the injuries.
The defendant's motion to strike raises two grounds, i.e. (1) that there is no cause of action in Connecticut based upon the theory res ipsa loquitur, and (2) CT Page 8647 there is no cause of action on the Connecticut law for bystander emotional distress. The short answer to the first claim of the defendant is that the court considers the doctrine of res ipsa loquitor alive and well in Connecticut and adequately pleaded in the first count of the plaintiff's complaint. See Malvicini v. Statfield Motor Hotel, Inc.,206 Conn. 439 (1988).
With regard to the second argument advanced by the defendant, this court adopts the well reasoned decision of Judge Hammer in Glendening v. Weis, 41 Conn. Sup. 165
(1988).
The second count of the plaintiff's complaint clearly meets the requirements of that analysis.
For those reasons the motion to strike is denied.
Leuba, J.