[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On February 6, 1992, the plaintiffs, Judith Woloshen, Daniel Woloshen, and Donna Woloshen filed a five count complaint against Robert Burian, Barbara Burian, Hugh Smith, and Sally Smith. In the first count, the plaintiffs allege that on or about February 18, 1990, two horses owned by defendants Robert and Barbara Burian ("the Burians") wandered onto the plaintiffs' property. It is alleged that while on the plaintiffs' property, one of the horses kicked plaintiff Judith Woloshen, the minor daughter of plaintiffs Daniel and Donna Woloshen, thereby causing severe injuries.
The plaintiffs allege that the Burians "knew or should have CT Page 9666 known [that the horse] had a dangerous propensity to kick and to roam at will."
In count two, plaintiffs Daniel and Donna Woloshen allege that the Burians are liable for medical expenses incurred as a result of the injury to their daughter.
In count three, the plaintiffs allege that defendants Hugh and Sally Smith ("the Smiths") allowed the horses owned by the Burians to roam and graze on their property. It is alleged that on the day in question, the horse that injured Judith Woloshen wandered onto the plaintiffs' property from the Smith's property. The plaintiffs allege that the Smiths were negligent in failing to control the horse.
The plaintiffs allege in the fourth count that the Smiths are liable for medical expenses incurred as a result of Judith Woloshen's injuries.
In count five, it is alleged that the "defendants herein knew or should have known that their conduct was likely to cause the unreasonable risk of severe psychological, physiological and emotional distress of the plaintiff Daniel Woloshen." It is alleged that Daniel Woloshen has suffered and will continue to suffer from emotional distress, due to the defendants' negligence.
On March 3, 1992, the Smiths filed a motion to strike the fifth count of the complaint, on the ground that Connecticut does not recognize a legal right of bystanders to recover damages for emotional distress indirectly caused by the infliction of harm to another person.
On March 27, 1992, the plaintiffs filed an objection to the motion to strike, in which they claim that the fifth count in the complaint is not one for bystander emotional distress, but rather is predicated upon "the existence of a duty owed directly to the plaintiff by the defendant. . . ." (#103, Objection to Motion to Strike). Both parties have filed memoranda in support of their respective positions.
On April 24, 1992, the Burians filed a motion to strike the fifth count of the complaint, also on the ground that bystanders have no legal right to recover damages for emotional distress in Connecticut. The motion adopts in its entirety the CT Page 9667 memorandum filed in support of the Smith's motion to strike. On May 14, 1992, the plaintiffs filed an objection to the Burian's motion to strike, adopting their own memorandum in support of the objection to the Smith's motion to strike.
Under Practice Book 152, the function of a motion to strike "`is to test the legal sufficiency of a pleading.'" (Citation omitted.) Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "`[I]f facts provable under the allegations would support a defense or a cause of action, the demurrer (motion to strike) must fail.'" (Citation omitted.) Ferry v. Groton, supra, 142.
The defendants argue that the fifth count of the plaintiff's complaint is legally insufficient because Connecticut does not recognize causes of action based upon bystander emotional distress. The Connecticut Supreme Court's treatment of the issue is limited to the holding that where bystander emotional distress claims are predicated upon medical malpractice on a third person, "`there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another.'" Maloney v. Convoy, 208 Conn. 392, 402,545 A.2d 1059 (1988).
The Supreme Court has not spoken on the viability of other types of bystander emotional distress claims, leading to a well documented split of authority on the issue in the Superior Court. See e.g. Glendening v. Weis, 41 Conn. Sup. 165,560 A.2d 995 (1990, Hammer, J.); Robson v. Schoenster,3 Conn. L. Rptr. 275, (February 21, 1991, Ryan, J.); Buynovsky v. Ford Motor Co., 1 Conn. L. Rptr 542 (April 23, 1990, Maiocco, J.) (holding that a claim for bystander emotional distress is permissible, assuming its elements are properly alleged). But see Silva v. Carlson, 8 CSCR 257 (January 9, 1992, Mihalakos, J.); Belanger v. Glastonbury, 3 Conn. L Rptr. 478 (April 22, 1992, Freed, J.); Tuten v. Bishop's Garage Inc., 4 CSCR 520
(June 1, 1989, Koletsky, J.) (holding that Connecticut does not recognize claims for bystander emotional distress).
The plaintiffs argue that the court need not address the sufficiency of bystander emotional distress claims, because the CT Page 9668 fifth count of their complaint does not raise such a claim. They argue that the fifth count is a claim for negligent infliction of emotional distress based upon a duty owed directly to Daniel Woloshen, and not upon the distress of observing his daughter's injuries.
The count finds that the plaintiffs have not alleged that the emotional distress suffered by Daniel Woloshen was occasioned by his observance of the incident in question. Rather, they allege that the defendants "knew or should have known that said horses roamed upon the property owned by the plaintiffs." (paragraph 6(g)), that they "knew or should have known that [the horse that kicked Judith Woloshen] had a dangerous propensity to kick and to roam at will." (paragraph 6(e)), and that the "defendants herein knew or should have known that their conduct was likely to cause the unreasonable risk of severe psychological, physiological and emotional distress" to Daniel Woloshen. (paragraph 16).
The allegations of the fifth count of the plaintiffs' complaint do not comprise a claim for bystander emotional distress, but rather constitute a claim that the mere roaming at will of a horse with dangerous propensities caused Daniel Woloshen emotional distress. The objection to the motion to strike is sustained.
BALLEN, JUDGE