[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On November 6, 1992, the plaintiff, Rebecca Markie, filed a one count complaint against the defendant, Roger Pottinger, seeking to recover for severe emotional distress she allegedly suffered as a result of witnessing the defendant allegedly inflict injuries upon her husband. On December 29, 1992, the defendant filed a motion to strike the plaintiff's complaint on the grounds that the Connecticut Supreme Court has not recognized a cause of action for emotional distress caused by witnessing injury or threatened harm to another, and even if the Connecticut courts did choose to recognize such a cause of action, the plaintiff has failed to allege sufficient facts to support a claim for bystander emotional distress. Pursuant to Practice Book 155, the defendant filed a memorandum of law in support of his motion to strike. On January 12, 1993, the plaintiff filed a memorandum of law in opposition to the motion to strike. CT Page 2862
A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152. A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985).
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44, 522 A.2d 1235
(1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman v. Groton, supra, 146.
The leading cases in Connecticut which address the viability of a claim by a bystander for emotional distress are Strazza v. McKittrick, 146 Conn. 714,156 A.2d 149 (1959), Amodio v. Cunningham, 182 Conn. 80,438 A.2d 6 (1980), and Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988). In Strazza, the court held that while a plaintiff may recover for emotional distress caused by fear of injury to the plaintiff, "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." (Citations omitted.) Strazza v. McKittrick, supra, 718-19.
In Amodio, the Connecticut Supreme Court thoroughly discussed the California case of Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912
distress suffered by a bystander as a result of the negligent infliction of injury upon a third person. See Amodio v. Cunningham, supra, 87-92. "However, the court did not explicitly adopt Dillon and stated that `even were we inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would nonetheless fail to state a cognizable cause of action.'" Granger v. Marriott Corp.,7 CSCR 375, 375-76 (February 27, 1992, Hennessey, J.), quoting Amodio v. Cunningham, supra, 92. CT Page 2863
In Maloney, the court held that "we are not inclined to follow the lead of the California courts in allowing a bystander to recover for emotional disturbance resulting from malpractice upon another person that a bystander may have observed." Maloney v. Conroy, supra, 397. The court further stated that "[w]hatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza. . . ." Id., 402.
Superior court decisions have interpreted these cases to both allow recovery by a bystander for emotional distress; see e.g. Finley v. Masiello Bus Co., 8 CTLR 1 (November 24, 1992, Rush, J.); Doe v. Shop-Rite Supermarkets, 7 CTLR 330 (September 15, 1992, Leuba, J.); Short v. State, 4 Conn. L. Rptr. 77 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera, 4 Conn. L. Rptr. 16
(May 2, 1991, Lewis, J.); Robson v. Schoenster,3 Conn. L. Rptr. 275 (February 21, 1991, Ryan, J.); Glendening v. Weis, 41 Conn. Sup. 165, 560 A.2d 995 (1988, Hammer, J.); and to bar recovery by a bystander for emotional distress; see, e.g. Silva v. Carlson, 5 CTLR 433 (January 9, 1992, Mihalakos, J.); Messina v. Vellafonck, 5 CTLR 329 (December 11, 1991, Gray, J.); Carter v. Shaw, 5 CTLR 248 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc., 4 Conn. L. Rptr. 320 (July 16, 1991, Murray, J.); Belanger v. Glastonbury,3 Conn. L. Rptr. 478 (April 22, 1991, Freed, J.).
This court, in Granger v. Marriott Corp., and Oberg v. Niebielski, has recognized a cause of action for emotional distress suffered by a bystander where the criteria specified in Dillon v. Legg, supra, and Thing v. LaChusa, 48 Cal.3d 644, 257 Cal.Rptr. 865, 771 P.2d 814
(1989), have been met. Granger v. Marriott Corp., supra; Oberg v. Niebielski, Memorandum of Decision on Motion to Strike, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 335920 (March 4, 1992, Hennessey, J.). See also Spencer v. Colby, 3 CSCR 276
(February 2, 1988, Hennessey, J.) (recognizing cause of action under Dillon criteria prior to Maloney and Thing decisions). CT Page 2864
The three factors enunciated in Dillon which must be satisfied for a plaintiff to recover under a bystander emotional distress theory are:
 "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."
Maloney v. Conroy, supra, 395-96, quoting Dillon v. Legg, supra, 740-41. In 1989, the California Supreme Court explained and refined the Dillon test in Thing v. LaChusa, supra. In Thing, the court held that
 a plaintiff may recover damages for emotional distress caused by observing the inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim; and (3) as a result suffers serious emotional distress — a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances.
Granger v. Marriott Corp., supra, 376, quoting Thing v. LaChusa, supra, 829-30.
In her complaint, the plaintiff alleges that she observed the entire encounter between the defendant and her husband "[f]rom a short distance away." (Complaint, para. 13). The plaintiff further alleges that she both saw and heard the defendant break her husband's arm CT Page 2865 (Complaint, paras. 14, 15). The plaintiff alleges that "[a]s a direct and proximate result of her direct sensory and contemporaneous observation of the harm caused to her husband, the Plaintiff has suffered severe emotional distress."
These allegations, viewed in the light most favorable to the plaintiff, sufficiently meet the Dillon and Thing criteria discussed above. Accordingly, the defendant's motion to strike the plaintiff's complaint is denied.
Mary R. Hennessey, Judge