[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The complaint alleges that the minor plaintiff, Kennya Poteat, who was three years of age, was severely injured when he was struck by the automobile of the defendants after that automobile left the roadway and travelled onto a grassy area where the minor plaintiff was standing. In the Third Count of the complaint the plaintiff, Tonya Poteat, seeks to recover for emotional distress and physical injury caused by witnessing the injury to her son. Tonya Poteat has sought to recover for loss of filial consortium in the Fourth Count. The defendants have moved to strike the Third and Fourth Counts of the complaint.
The third count of the complaint alleges:
 The plaintiff mother observed the impact of the motor vehicle with her son, became hysterical, and instantly proceeded to his aid. After the impact with the motor vehicle, the minor Plaintiff, staggered into the street and collapsed into his mother's arms. The Plaintiff mother observed the minor plaintiff's head was partially flattened by the impact and a large discharge of mucous and blood erupted form his nostrils and mouth. The observation of the impact and subsequent trauma caused his mother extreme mental anguish, distress and grief, and injury to her health, character and feeling.
The Connecticut Supreme Court has considered the issue of bystander recovery for emotional distress in Strazza v. McKittrick,146 Conn. 714, 156 A.2d 149 (1959), Amodio v. Cunningham, 182 Conn. 80,438 A.2d 6 (1980), and Maloney v. Conroy, 208 Conn. 392,545 A.2d 1059 (1988). In Strazza a mother sought to recover for her emotional distress caused by her hearing a vehicle strike the porch of her house on which she had told her child to wait. The court held that there could be no recovery "for injuries occasioned by fear of threatened harm or injury to the person or property of another." 146 Conn. at p. 719. The court reasoned that "[s]uch injuries are too remote in the chain of causation to permit recovery."
In Amodio v. Cunningham, supra, the Supreme Court once again addressed the issue of bystander recovery. Amodio involved a medical malpractice action wherein the trial court granted the CT Page 3015 defendant's motion to strike the second count of the plaintiff's complaint, on the ground that it failed to state a cause of action that was cognizable in Connecticut. Id., 82. The plaintiff had alleged in that count that she suffered physical mental and emotional harm caused by witnessing the death of her daughter due to the negligent conduct of the defendant. Id., 81-82, 83-84.
In its opinion, the Amodio court noted that there was a growing trend among other jurisdictions to recognize a cause of action for bystander recovery for emotional distress, and that this trend had its genesis in the case of Dillon v. Legg, 68 Cal.2d 728,69 Cal.Rptr. 72, 441 P.2d 912 (1968). The three factors enunciated in Dillon which must be satisfied for a plaintiff to recover under a bystander emotional distress theory are:
 "(1) Whether plaintiff was located near the scene of the accident as contrasted with one who was a distance away from it. (2) Whether the shock resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence. (3) Whether plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship."
Maloney v. Conroy, supra, 395-96, quoting Dillon v. Legg, supra, 740-41.
After considering the recent trend and the Dillon case, the Amodio court declined to adopt Dillon. The court in Amodio further noted that the Dillon requirements were not satisfied by the facts of the particular case before it.
 It is clear . . . that even if we were inclined to adopt the approach taken in Dillon and the cases relying thereon, the complaint in the present case would . . . nonetheless fail to state a cognizable cause of action. [because] the allegations of the complaint indicate that the injuries suffered by the plaintiff's child became manifest a considerable period of time after the alleged negligence of the defendant occurred.
In Maloney, supra, the plaintiff daughter sought recovery for negligent infliction of emotional distress as the result of being CT Page 3016 present at her mother's bedside and watching her mother's health deteriorate due to the negligence of the defendants. Id., 393-394. The trial court granted the defendants' motion to strike the plaintiff's complaint. Id., 393.
As in Amodio, the plaintiff in Maloney did not allege or claim any contemporaneous sensory perception of the negligent conduct of the defendants, and therefore failed to satisfy the Dillon requirements. Maloney v. Conroy, supra, 396-397. The court in Maloney held that, regardless of whether the Dillon factors were satisfied, a bystander to medical malpractice could not recover for emotional distress: "Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that with respect to such claims arising from malpractice. . . ." we should return to the position we articulated in Strazza. . . ." Maloney v. Conroy, supra, 402.
Superior court decisions have interpreted these cases to both allow recovery by a bystander for emotional distress; see e.g. Doe v. Shop-Rite Supermarkets, 7 CTLR 330 (September 15, 1992, Leuba, J.); Short v. State, 4 Conn. L. Rptr. 77 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera, 4 Conn. L. Rptr. 16 (May 2, 1991, Lewis, J.); Robson v. Schoenster, 3 Conn. L. Rptr. 275 (February 21, 1991, Ryan J.); Glendening v. Weis, 41 Conn. Sup. 165, 560 A.2d 995
(1988, Hammer, J.); and to bar recovery by a bystander for emotional distress; see, e.g. Finley v. Masiello Bus Co., 8 CTLR 1 (November 24, 1992, Rush, J.); Silva v. Carlson, 5 CTLR 433 (January 9, 1992, Mihalakos, J.); Messina v. Vellafonck, 5 CTLR 329 (December 11, 1991, Gray, J.); Carter v. Shaw, 5 CTLR 248 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc.,4 Conn. L. Rptr. 320 (July 16, 1991, Murray, J.); Belanger v. Glastonbury,3 Conn. L. Rptr. 478 (April 22, 1991, Freed, J.).
This court believes that the Court's holding in Maloney must be limited to medical malpractice cases. The Maloney Court stressed the unique problems posed by applying the Dillon standard to medical malpractice cases:
 The present case, for example, poses the troublesome question of causation involved in distinguishing the plaintiff's natural grief over the loss of her mother, with whom she had lived for many years and whose death she might well have had to bear even in the absence of malpractice, from the effects upon her feelings of her belief that the suffering and death of her mother were CT Page 3017 attributable to the defendants' wrongful conduct. 208 Conn. at p. 399.
 To allow recovery by one, like the plaintiff, who has been more or less constantly "at the bedside" of the malpractice victim during the period of treatment is likely to cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted. Such a response by providers of medical care to the risk of liability to visitors whose sensitivity and relationship to the patient may result in emotional disturbances from observing treatment of loved ones that they view as improper would seem inevitable if such claims were to become more frequent. The restriction of current liberal practices with respect to patient visitation in order to reduce the incidence of bystander emotional disturbance claims would be a regrettable social consequence of enlarging the right to recover for emotional disturbances based upon the impact of medical malpractice upon bystanders. Id. at p. 402-403
The allegations of the Third Count satisfy the requirements of Dillon and the subsequent case of Thing v. LaChusa, 48 Cal.3d 644,257 Cal.Rptr. 865, 771 P.2d 814, 829-30 (1989), which provided that the following conditions must be satisfied in order to give rise to bystander recovery: (1) the plaintiff must be closely related to the injury victim; (2) the plaintiff must be present at the scene of the injury-producing event at the time it occurs and be aware that it is causing injury to the victim; (3) as a result the plaintiff suffers emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances. Tonya Poteat does not seek to recover for witnessing medical malpractice. Therefore, the public policy and causation problems present in Maloney are absent here. For the foregoing reasons, the Motion to Strike the Third Count is denied.
The loss of filial consortium has not been recognized by any appellate court in this state. In Maloney v. Lesnick, 17 Conn. App. 130,141 (1988), reversed on other grounds, 213 Conn. 548 (1990), the court stated: "Moreover, the plaintiff's consortium claim is for loss of filial, rather than spousal consortium. The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent/child relationship . . ." CT Page 3018 The Motion to Strike the Fourth Count is, therefore, granted.
By the Court,
Aurigemma, J.