[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
On April 28, 1993, the plaintiffs, Jose and Teresa Vieira, commenced this action against the defendants, Mattias and Ralph Ingersoll. In an eight count revised complaint, dated March 16, 1994, the plaintiffs allege that they were both assaulted by the defendants in an incident on May 20, 1991. In counts one through five, the plaintiffs allege that Mattias Ingersoll intentionally assaulted Jose Vieira while Ralph Ingersoll contemporaneously assaulted Teresa Vieira. In count six, the plaintiffs allege that as a result of witnessing Mattias Ingersoll's wilful and intentional assault upon Jose Vieira, Teresa Vieira suffered severe emotional distress. In count seven, the plaintiffs allege that as a result of witnessing Mattias Ingersoll's reckless assault upon Jose Vieira, Teresa Vieira suffered severe emotional distress.
The defendants have filed a motion to strike counts six and seven of the plaintiffs' revised complaint on two Connecticut does not recognize a claim for bystander emotional distress; and (2) Teresa Vieira was a participant in the incident and can not be categorized as a bystander for purposes of maintaining an action for bystander emotional distress. Pursuant to Practice Book § 155, the defendants and the plaintiffs have filed memoranda in support of their respective claims of law.
The motion to strike is provided for in Practice CT Page 6381 Book § 151-158. A motion to strike challenges the legal sufficiency of a pleading, or any count thereof, to state a claim upon which relief can be granted. Practice Book § 152; Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In deciding on a motion to strike, the court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." Michaud v. Warwick,209 Conn. 407, 408, 551 A.2d 738 (1988). The court is limited to the facts alleged in the challenged pleading;King v. Board of Education of Watertown, 195 Conn. 90,93, 486 A.2d 1111 (1985); and must admit the truth of all facts well pleaded. Mingachos v. CBS Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). "The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983).
The Connecticut Supreme Court has addressed the issue of recovery for bystander emotional distress on three occasions; Strazza v. McKittrick, 146 Conn. 714,718-19, 156 A.2d 149 (1959); Amodio v. Cunningham,182 Conn. 80, 438 A.2d 6 (1980), and Maloney v. Conroy,208 Conn. 392, 545 A.2d 1059 (1988).
In Strazza, a plaintiff mother sought recovery for emotional distress that she allegedly suffered as a result of fearing injury to herself and her son when a truck crashed into the rear porch of her house. The court held that while the plaintiff may recover for emotional distress caused by fear of injury to herself, "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." (Citations omitted.) Strazza v. McKittrick, supra, 718-19.
In Amodio, the court addressed the issue of bystander emotional distress within the context of a medical malpractice action. In determining the validity of a claim for bystander emotional distress, the court discussed the California case of Dillon v. Legg,63 Cal.2d 728, 441 P.2d 912 (1968), which is the first case to recognize such a cause of action. The court in Dillon
established the following three criteria for recovery for bystander emotional distress: CT Page 6382
 (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
 (2) The shock resulted from a direct and emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Id., 740-41. Although the court in Amodio did not specifically adopt the Dillon test, the court concluded that the plaintiff failed to meet its requirements. Amodio v. Cunningham, supra, 92. "[E]ven were we inclined to adopt the approach taken in Dillon. . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." Id.
In Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814
(1989), the California Supreme Court refined the Dillon
requirements for setting forth a claim for bystander emotional distress. The elements are:
 (1) The plaintiff must be closely related to the injury victim;
 (2) The plaintiff must be present at the scene of the time it occurs and aware that it is causing injury to the victim;
 (3) As a result, the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
Id., 820.
In Maloney, the Connecticut court again rejected a bystander emotional distress claim in the context of CT Page 6383 medical malpractice. The court held that:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
(Citation omitted.) Maloney v. Cunningham, supra, 402.
Our superior courts have interpreted the three Connecticut Supreme Court decisions to both allow recovery by a bystander for emotional distress; see e.g.Finley v. Masiello Bus Co., 8 Conn. L. Rptr. 1 (November 24, 1992, Rush, J.); Doe v. Shop-Rite Supermarkets,7 Conn. L. Rptr. 330 (September 15, 1992, Leuba, J.); Shortv. State, 4 Conn. L. Rptr. 77 (May 13, 1991, Schimelman, J.); Salvadori v. Rivera, 4 Conn. L. Rptr. 16 (May 2, 1991, Lewis, J.); Robson v. Schoenster,3 Conn. L. Rptr. 275 (February 21, 1991, Ryan, J.); Glendening v. Weis,41 Conn. Sup. 165, 560 A.2d 995 (October 4, 1988, Hammer, J.); and to bar recovery by a bystander for emotional distress; see e.g. Silva v. Carlson, 5 Conn. L. Rptr. 433
(January 9, 1992, Mihalakos, J.); Messina v. Vellafonck,5 Conn. L. Rptr. 329 (December 11, 1991, Gray, J.);Carter v. Shaw, 5 Conn. L. Rptr. 248 (November 25, 1991, Fracasse, J.); Uricheck v. Amazing Stores, Inc.,4 Conn. L. Rptr. 320 (July 16, 1991, Murray, J.); Belanger v.Glastonbury, 3 Conn. L. Rptr. 478 (April 22, 1991, Freed, J.).
This court finds, as it did in Stoughton v.Sabolcik, 7 CSCR 335 (March 16, 1992, Pickett, J.), that a plaintiff in a non-medical malpractice action who satisfies the Dillon retirements as clarified in Thing, may have a cause of action for bystander emotional distress.
The next question for the court is whether the plaintiff Teresa Vieira can be categorized as a bystander for purposes of maintaining an action for bystander emotional distress. In Muphy v. Banziruk,8 Conn. L. Rptr. 331 (March 8, 1993, Pickett, J.), this court CT Page 6384 defined a bystander as "one who stands near; a chance looker-on; hence one who has no concern with the business being transacted. One present but not taking part, looker-on, spectator, beholder, observer." Id. (quoting from Black's Law Dictionary, Fifth Edition.) In support of their motion to strike, the defendants argue that Teresa Vieira was a participant in the assault and therefore can not be categorized as a chance looker-on, or a spectator. However, Mrs. Vieira has alleged that she suffered severe emotional distress as a result of witnessing Mattias Ingersoll's assault upon her husband. In relation to that particular incident, the court finds that Teresa Vieira was not a participant, but rather was a spectator, albeit, an interested one. The court also notes that a rigid adherence to the definition in Murphy
would eliminate nearly all bystander emotional distress claims because it is incongruous to be "closely related to the injury victim" Thing v. LaChusa, supra; and still be a "chance looker-on . . . . who has no concern with the business being transacted." Murphy v. Banziruk, supra. For the foregoing reasons, the motion to strike counts six and seven of the plaintiffs' revised complaint is denied.