[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, Joseph F. Keefe as Guardian of the Estate of Earle Hollings III, a minor, and Earle Hollings II, commenced this action against the defendants, Northwestern Young Men's Christian Association, Inc. (YMCA), Ann Della Camera and Campion Ambulance Service, to recover damages sustained by the minor child when he nearly drown at a swimming pool. In the first two counts of the three count amended complaint, the plaintiff Keefe claims damages for negligence against the defendants YMCA, its employee, the defendant Camera, and the defendant Campion Ambulance Service. In the third count, the plaintiff Hollings II claims damages for CT Page 5924 bystander emotional distress against the defendant Campion.
The following facts are taken from the allegations of the amended complaint. The YMCA operates a swimming pool in Torrington, Connecticut where it employed the defendant Camera as a lifeguard. On February 19, 1993, the plaintiff's minor, a twelve year old boy, participated in a recreational swim at the YMCA facility. On that date, the plaintiff's minor nearly drown when he became unconscious and submerged to the floor of the pool, thereby depriving him of oxygen. The first count of the complaint alleges that the plaintiff's minor sustained injuries due to the negligence on the part of the defendants YMCA and Camera. The second count alleges that the defendant Campion operates the ambulance service that came to the scene in aid of the plaintiff's minor. This count alleges negligence on the part of the defendant Campion. The first two counts are not subject to this motion to strike.
The third count alleges that the plaintiff Earle Hollings II was summoned to the swimming pool and rode in the ambulance taking the minor to the hospital. During this time the plaintiff Hollings II witnessed the employees of the defendant Campion negligently treat the minor plaintiff for the near-drowning incident. This count also alleges that the plaintiff Earle Hollings II has suffered permanent and severe injuries which were caused by the defendant Campion in failing to assess or ascertain the nature of the injuries sustained by the plaintiff's minor when they knew or reasonably should have known he was a drowning victim; in failing to have appropriate or adequate rescue treatment available; in failing to have proper emergency procedures for supporting a rescue; in failing to request additional assistance in care and treatment; and in failing to recognize the signs of anoxia and communicate adequately the condition of the minor plaintiff to emergency room personnel.
The defendant Campion now moves to strike the third count of the amended complaint on the grounds an action does not lie for bystander emotional distress in the context of medical malpractice. In support of its motion, the defendant Campion submitted a memorandum of law. The plaintiffs timely filed a memorandum in opposition to this motion.
"The motion to strike, Practice Book, 1978, § 151, replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). On a CT Page 5925 motion to strike, "all facts well pleaded and those facts necessarily implied from the allegations are taken as admitted."Amodio v. Cunningham, 182 Conn. 80, 82-83, 438 A.2d 6 (1980). "[T]he court must construe the facts alleged in a pleading in the manner most favorable to the plaintiff." Rowe v. Godou,209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts provable under the allegations would support a cause of action, the motion to strike must fail. Ferryman v. Groton, supra, 142.
The defendant Campion contends that since the Connecticut Supreme Court has held that a bystander to medical malpractice cannot recover for emotional distress, the third count of the amended complaint should be stricken. The defendant Campion argues that this case is analogous to such an action, since the amended complaint alleges that the plaintiff Earle Hollings II observed the employees of the defendant Campion negligently treat his minor son. Thus, the defendant Campion argues that the motion to strike should be granted.
The plaintiff Earle Hollings II argues that the court should deny the motion to strike because the third count does not state a claim based on medical malpractice alone. The plaintiff points out that no patient-physician relationship existed between the plaintiff's minor and the defendant Campion. The plaintiff contends that the defendant Campion is at best a quasi-medical provider and, thus, classifying any act of its negligence as medical malpractice amounts to an overly liberal definition of medical malpractice. The plaintiff further argues that the defendant Campion was hired in an emergency situation to transport the minor to the hospital, and while the defendant's employees have some medical training, they are not licensed physicians and are not supervised by licensed physicians. The plaintiff draws a distinction between health care services provided by an ambulance service prior to medical care at the hospital, and medical care at a hospital. Finally, the plaintiff argues that the third count meets all of the requirements for bystander emotional distress as set forth in Dillon v. Legg, 63 Cal.2d 728, 441 P.2d 912 (1968).
The Connecticut Supreme Court has addressed the issue of recovery for bystander emotional distress on three occasions;Strazza v. McKittrick, 146 Conn. 714, 718-19, 156 A.2d 149 (1959);Amodio v. Cunningham, 182 Conn. 80, 438 A.2d 6 (1980); and Maloneyv. Conroy, 208 Conn. 392, 545 A.2d 1059 (1988). In Strazza, the court held that while a plaintiff may recover for emotional distress caused by fear of injury to herself, "there can be no CT Page 5926 recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another." (citations omitted.)Strazza v. McKittrick, supra, 718-19.
In Amodio, the court addressed the issue of bystander emotional distress within the context of a medical malpractice action. In determining the validity of a claim for bystander emotional distress, the court discussed the California case ofDillon v. Legg, supra, 63 Cal.2d 728, the first case to recognize this cause of action. The court in Dillon established the following three criteria for recovery for bystander emotional distress:
 (1) The plaintiff was located near the scene of the accident, as contrasted with one who was a distance away from it;
 (2) The shock resulted from a direct and emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence;
 (3) The plaintiff and the victim were closely related, as contrasted with an absence of any relationship or the presence of only a distant relationship.
Id., 740-41. Although the court in Amodio did not adopt the Dillon
test, the court concluded that the plaintiff failed to meet its requirements. Amodio v. Cunningham, supra, 92. "[E]ven were we inclined to adopt the approach taken in Dillon . . . the complaint in the present case would nonetheless fail to state a cognizable cause of action." Id.
In Thing v. LaChusa, 48 Cal.3d 644, 771 P.2d 814 (1989), the California Supreme Court refined the Dillon requirements for establishing a claim for bystander emotional distress. The elements are:
 (1) The plaintiff must be closely related to the injury victim;
 (2) The plaintiff must be present at the scene of the time it occurs and aware that it is causing injury to the victim;
CT Page 5927
 (3) As a result, the plaintiff suffers serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which is not a normal response to the circumstances.
Id., 820.
In Maloney, the Connecticut court again rejected a bystander emotional distress claim in the context of medical malpractice. The court held that:
 Whatever may be the situation in other contexts where bystander emotional disturbance claims arise, we are convinced that, with respect to such claims arising from malpractice on another person, we should return to the position we articulated in Strazza that "there can be no recovery for nervous shock and mental anguish caused by the sight of injury or threatened harm to another."
(Citation omitted.) Maloney v. Cunningham, supra, 208 Conn. 402.
Presently, the Connecticut Superior Court is divided as to whether to recognize a cause of action for bystander emotional distress. A number of decisions have interpreted the three Connecticut Supreme Court decisions to allow recovery by a bystander for emotional distress. See e.g.Shabazz v. Price, 11 Conn. L. Rptr. 334, 9 CSCR 498 (1994) (Hodgson, J.);Paradiso v. Nasinka, 11 Conn. L. Rptr. 53, 9 CSCR 227 (1994) (Gray, J.); Finley v. Masiello Bus Co., 8 Conn. L. Rptr. 1 (1992) (Rush, J.); Doe v. Shop-Rite Supermarkets, 7 Conn. L. Rptr. 330
(1992) (Leuba, J.); Short v. State, 4 Conn. L. Rptr. 77 (1991) (Schimelman, J.); Salvadori v. Rivera, 4 Conn. L. Rptr. 16 (1991) (Lewis, J.); Robson v. Schoenster, 3 Conn. L. Rptr. 275 (1991) (Ryan, J.); Glendening v. Weis, 41 Conn. Sup. 165, 560 A.2d 995
(October 4, 1988) (Hammer, J.). Other decisions bar recovery by a bystander for emotional distress. See e.g. Maresca v. Longhi,13 Conn. L. Rptr. 206 (1994) (Handy, J.); Delaney v. Newington Children'sHospital, 9 CSCR 692 (1994) (Wagner, J.); Rodriguez v. Bristol HousingAuthority, 9 CSCR 418 (1994) (Berger, J.); Silva v. Carlson,5 Conn. L. Rptr. 433 (1992) (Mihalakos, J.); Messina v. Vellafonck,5 Conn. L. Rptr. 329 (1991) (Gray, J.); Carter v. Shaw,5 Conn. L. Rptr. 248
(1991) (Fracasse, J.); Uricheck v. Amazing Stores, Inc.,4 Conn. L. Rptr. 320
(1991) (Murray, J.); Belanger v. Glastonbury, 3 Conn. L. Rptr. CT Page 5928 478 (1991) (Freed, J.).
The decisions of this court have recognized a cause of action for bystander emotional distress where a plaintiff in a non-medical malpractice action satisfies the Dillon requirements as clarified in Thing. Sansome v. Monaghan, Superior Court, JD of Litchfield, DN. 64994 (February, 14, 1995) (Pickett, J.) (granting motion to strike for failing to allege necessary elements of bystander emotional distress claim);Vieira v. Ingersoll, 12 Conn. L. Rptr. 24,9 CSCR 777 (1994) (Pickett, J.) (recognizing cause of action); Stoughton v.Sabolcik, 5 Conn. L. Rptr. 502, 7 CSCR 335 (March 16, 1992, Pickett, J.) (recognizing cause of action). The issue presently before the court is whether the third count alleges a claim of bystander emotional distress in the context of a medical malpractice action.
The third count of the amended complaint alleges that at the swimming pool and during the ambulance ride to the hospital the plaintiff Earle Hollings II "witnessed the employees of Campion negligently treat the minor plaintiff for the near drowning incident, which resulted in severe and disabling injuries." These injuries were allegedly caused by the negligence of the defendant Campion in failing to assess or ascertain the nature of injuries sustained by the plaintiff's minor; in failing to have appropriate and/or adequate rescue equipment readily available to assist in the rescue and revival of the plaintiff's minor; in failing to have in place proper emergency procedures; in failing to request additional assistance for the care and treatment; and in failing to recognize the signs of anoxia and to communicate adequately the condition of the plaintiff's minor to the emergency room personnel.
While this case is not a classic medical malpractice action in that it does not allege a physician-patient relationship, the allegations of the third count clearly concern the defendant Campion's negligent medical treatment of the plaintiff's minor.[1]
The claims made in the third count are not concerned with the defendant Campion's negligence in transporting the plaintiff's minor to the hospital, but instead they concern the defendant's failure to assess or ascertain the nature of the victim's injuries, failure to recognize the signs of anoxia, and failure to have proper emergency procedures. As such, these allegations implicate the Supreme Court's holding in Maloney that no cause of action for bystander emotional distress exists in the context of a medical malpractice action. CT Page 5929
In Maloney, the court stated that allowing recovery for bystander emotional distress in the medical malpractice context would "cause hospitals and other medical treatment facilities to curtail substantially the extent of visitation of patients that is presently permitted." Maloney v. Conroy, supra, 208 Conn. 402. Also, the court expressed concern "that medical personnel may feel obligated to respond to the usually uninformed complaints of visitors concerning the treatment of patients more for fear of stimulating emotional disturbances upon the part of the visitors than because of the merits of the complaint." Id., 403.
 Medical judgments as to the appropriate treatment of a patient ought not to be influenced by the concern that a visitor may become upset from observing such treatment or from the failure to follow some notion of the visitor as to care of the patient. The focus of the concern of medical care practitioners should be upon the patient and any diversion of attention of resources to accommodate the sensitivities of others is bound to detract from that devoted to patients.
Id.
These concerns apply equally to the facts alleged in the present case involving the negligent treatment provided by an ambulance service. Employees of ambulance services such as the defendant Campion provide emergency medical services in highly stressful and pressure-filled situations. The focus of their concern should be on the victim in need of immediate emergency medical assistance. Imposing upon them additional liability for bystander emotional distress for the alleged negligent treatment of a victim would have consequences detrimental to the whole community that outweigh the benefits of allowing such a cause of action.Maloney v. Conroy, supra, 404.
Since the allegations of the third count implicate the Supreme Court's decision in Maloney v. Conroy, the defendant Campion's motion to strike the third count of the amended complaint is granted.
PICKETT, J.